EVA ROSENBERG *vs.* JOHN J. MATULIS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 16th, 1933.

*Richardson Bronson,* with whom, on the brief, was *J. Warren Upson,* for the appellant (defendant Fanion).

*Ralph O. Wells,* with whom, on the brief, was *William S. Locke,* for the appellant (defendant Matulis).

*Edward S. Pomeranz,* with whom was *S. Polk Waskowitz,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to recover damages for injuries suffered in a collision be-

tween two automobiles, one a taxicab in which she was riding as a passenger for hire, and which was owned by one of the defendants and being operated at the time by his agent within the scope of his employment, and the other an automobile operated by the defendant Matulis. The trial court gave judgment for the plaintiff against both defendants and both have appealed. The finding states the following facts: The collision occurred at a street intersection. It was night and the headlights on both cars were lighted. The taxicab was proceeding southerly on Linwood Street in New Britain and Matulis was driving easterly on Shuttle Meadow Avenue, so that he was approaching the intersection upon the right of the taxicab. At the northwest corner of the intersection is a hedge which makes an automobile approaching from the north on Linwood Street, when it is any substantial distance from the intersection, practically invisible to a driver proceeding easterly on Shuttle Meadow Avenue when he is any substantial distance west of that intersection. The driver of the taxicab, who was familiar with the intersection and knew that the hedge obscured his view to the right, stopped his car about even with the end of it, where he had a clear view to his right along Shuttle Meadow Avenue. Though the other automobile was in plain view, he did not see it until the moment of the collision. Matulis had two passengers in his car, which was a coupé, and as it approached the intersection they were discussing plans for the evening. When the car reached a point about fifty feet westerly of the westerly curb line of Linwood Street, Matulis turned his eyes to the right to speak to the passengers in it and took them off the road. His car was then proceeding at the rate of twenty-five miles an hour. When he was about twenty-five feet westerly of the westerly

curb of Linwood Street he looked forward again and then first saw the taxicab which was just starting up from its stop and entering the intersection. He applied his brakes with full force and had almost stopped when the collision occurred. The speed of the taxicab steadily increased after it started and it was going at least seven miles an hour at the time of the collision. Matulis, who was familiar with the intersection, did not sound his horn nor slow down his car until he saw the taxicab. The cars came together at about the center of the intersection.

The trial court has not found which of the cars had the right of way, the taxicab because of arriving first at the intersection or Matulis because the two cars were arriving at it at approximately the same time. But whichever had the right of way, its driver was not absolved from operating his car as would a reasonably prudent person having knowledge that he had the right of way. *Rose* v. *Campitello,* 114 Conn. 637, 640, 159 Atl. 887; *Whipple* v. *Fardig,* 112 Conn. 402, 152 Atl. 397. If the driver of the taxicab did have the right of way, it would be only because he had arrived at the intersection so long in advance of the other that a man of ordinary prudence in the exercise of reasonable care would not believe that if both continued there would be risk of a collision; *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Jackson* v. *Brown,* 106 Conn. 143, 146, 37 Atl. 725; *Estabrook* v. *Main,* 110 Conn. 271, 276, 147 Atl. 822; this necessarily imposed upon him the duty reasonably to observe any automobile approaching upon his right; he failed to see the car Matulis was driving although it was in plain sight; and this failure would be an adequate basis for the trial court's conclusion that he was negligent. If we assume that Matulis had the right of way, he was not absolved from the duty of exercising reasonable

care to guard against danger from traffic approaching upon his left; *Leete* v. *Griswold Post,* 114 Conn. 400, 406, 158 Atl. 919; the extent to which his vision was obscured by the hedge at the corner, imposed upon him an obligation to use greater care than he otherwise would; yet, during the time he was traversing the distance from a point about fifty feet from the intersection and another point about twenty-five feet from it, he turned his head aside and was not looking ahead at all, and he did not sound his horn to give warning of his approach, though he was familiar with the dangers in the situation. The trial court might reasonably conclude that he was negligent. Had the driver of the taxicab seen the other car approaching, he might easily have stopped the taxicab in time to let the other pass in front of it. The trial court might well conclude that, had Matulis not looked aside, he would have seen the taxicab, which had stopped far enough beyond the hedge so that its driver had an unobstructed view along Shuttle Meadow Avenue, in time to stop before the cars collided. The final conclusion of the trial court, that the negligence of the driver of each car was a substantial factor in producing the accident, must stand.

There is no error.

In this opinion the other judges concurred.