Donald Nichols *vs.* Carl Watson et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

638

Argued March 6th—decided April 3d, 1935.

*William S. Hyde,* for the appellant (defendant Fitzgerald).

*David Haymond* and *Isadore Waxman,* with whom, on the brief, were *Joseph M. Freedman* and *Harry B. Rosenblum,* for the appellee (plaintiff).

AVERY, J.  The plaintiff in this case was a passenger for hire in a taxicab owned by the defendant, Harold Watson, and operated by the defendant Carl Watson, his agent.  The finding of facts is not attacked upon this appeal.  On November 24th, 1933, at about two o'clock in the morning, the taxicab in which the plaintiff was riding as a passenger collided with the rear end of a truck owned by the defendant William L. Fitzgerald and operated by his agent Joseph Doherty. The truck was standing on the Hartford-Willimantic highway in the town of Bolton headed in an easterly direction.  At that point, the highway is constructed of concrete with two lanes each ten feet wide, and the truck was parked upon the southerly lane with its lights turned out.  Immediately to the right there was ample space to have parked off the traveled part of the highway.  It was equipped at its rear end with two

four-button and one circular reflectors. These were covered with dust and dirt to a degree which affected their visibility. The truck had left the defendant's garage at Manchester and the dust and dirt upon the reflectors had not accumulated during the trip from that point to the scene of the accident. The defendant Carl Watson approached the place of the collision in an easterly direction at a speed of forty-five miles an hour with his driving lights tilted downward so that they did not illuminate the road ahead for a distance of over seventy-five feet.

The trial court found that the driver of the taxicab was negligent in driving at that rate of speed with his lights tilted downward and in not keeping a proper lookout for obstacles in the road ahead; and that the driver of the truck was negligent in stopping it upon the traveled part of the highway and switching off his head and tail lights, in not having the reflectors upon the rear end of the truck free from dust and dirt so that they would have been visible, and in not having stopped his vehicle on the space to his right off the traveled part of the highway; and concluded that the negligence of each of these operators was a substantial factor in producing the injuries which the plaintiff received. The errors assigned upon this appeal are in refusing to find that the negligence of the defendant Watson was the sole proximate cause of the accident and that the defendant Doherty was not negligent in allowing the truck to remain standing on the highway in the absence of proof of the length of time that it had been standing without lights, and in finding that the lack of lights upon the truck was a substantial factor in causing the accident.

General Statutes, § 1598 (a), requires automobiles when operated upon the highways at night to display running lights, and subdivision (f) requires the display

of lights by such vehicles when standing upon the highway at night, with an exception in case of artificial light which has no application under the facts of the present case. The trial court found that the defendant's truck was standing on the highway without lights either forward or rear; it did not state how long the truck had been standing without lights. If it be regarded that the operator stopped only momentarily, subdivision (a) of the statute was violated; *Stroud* v. *Water Commissioners,* 90 Conn. 412, 414, 97 Atl. 336; *Commonwealth* v. *Henry,* 229 Mass. 19, 22, 118 N. E. 224; if it be regarded that the truck was standing upon the highway, it was in violation of subdivision (f). In any event, it was being operated in violation of the statute. This was negligence in and of itself. *Murphy* v. *Adams,* 99 Conn. 632, 639, 122 Atl. 398. Whether or not it was a substantial factor in causing the injuries to the plaintiff was, upon all the circumstances of the case, a question of fact for the trial court; and its finding that the negligence of the operator was a substantial factor in producing the plaintiff's injuries is final. *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762; *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 Atl. 721; *Goulet* v. *Chase Companies, Inc.,* 112 Conn. 286, 289, 152 Atl. 59; Amer. Law Institute Restatement, Torts (Negligence) § 439.

There is no error.

In this opinion the other judges concurred.