MICHAEL BRANGI, ADMINISTRATOR (ESTATE OF
MICHAEL BRANGI) *v.* CONNECTICUT MOTOR
LINES, INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 6—decided April 22, 1948

*Milton Rice,* with whom, on the brief, was *Alexander Winnick,* for the appellant (plaintiff).

*Philip R. Shiff,* for the appellees (defendants).

PER CURIAM.  Plaintiff's decedent, an eight-year-old boy, was killed when he came into contact with a truck owned by the named defendant and operated by its driver, Francis R. Daniels, hereinafter referred to as the defendant.  The jury brought in a verdict for the defendants.  The plaintiff excepts to the charge.

The plaintiff offered evidence to prove and claimed to have proved the following facts:  The defendant was operating a trailer truck, thirty-

eight feet long, westerly on Chapel Street in New Haven. He knew that it was a populous neighborhood and that children went to and from school along Chapel and Franklin Streets. He made a left turn into Franklin Street, and the rear of the trailer came close to the curbing of the southeasterly corner of Franklin and Chapel Streets. Plaintiff's decedent stepped from the curb onto the southerly crosswalk of Chapel Street, was struck by the left rear wheel of the trailer and died as a result of the injuries received. The defendant did not see the boy before he was struck.

The charge conformed to the usual pattern in such cases. No written requests were filed. At the close of the charge, the plaintiff excepted in accordance with Practice Book, § 156, as follows: "The only objection I can possibly think of, Your Honor, is that in defining proper lookout, Your Honor said he must keep a lookout for anything in the path of the vehicle. I thought that if that were a little broader, that it should be, 'anything in the path or in the immediate vicinity of the vehicle,' since in this case the boy came from the crosswalk." The court charged with reference to lookout: "Of course, the operator of a motor vehicle must keep a reasonable lookout and he must be vigilant to detect anyone or anything in the path of his moving vehicle who is likely to suffer any injury from it." The court then went on to state: "It is his duty to look out and see what there is for him to see. He cannot excuse himself from injuring another person on the highway by saying that he did not see him if, under the circumstances, he would have seen him had he been using reasonable care." The charge was sufficient, especially in the absence of a more particular request. *Nehring* v. *Connecticut Co.,* 86

Conn. 109, 123, 84 A 301. The court was not required to define further "the path of his moving vehicle," which obviously included the space traversed by the rear wheels in making the turn. The meaning of the phrase was plain. *Branch* v. *Mashkin Freight Lines, Inc.*, 134 Conn. 278, 281, 57 A. 2d 136. The effort of the plaintiff to expand the scope of his exception beyond its reasonable intendment cannot avail him. *Figlar* v. *Gordon*, 133 Conn. 577, 583, 53 A. 2d 645.

There is no error.