LORETTA KOVAL *v.* DANIEL BAKER ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 11-613-55M

Argued September 22, 1961—decided February 9, 1962

*John A. Spector*, of Willimantic, for the appellant (plaintiff).

*Philip S. Walker*, of Hartford, for the appellee (named defendant).

HAMILL, J. The plaintiff brought this action to recover for injuries to an automobile, alleged to have been sustained as a result of the negligent operation of a motor vehicle by the named defendant, hereinafter called the defendant. The court rendered judgment for the defendant, and the plaintiff has appealed, claiming that the court erred in failing to find that the doctrine of last clear chance was applicable.

The finding discloses that on April 28, 1959, at about 9 p.m., the plaintiff was the owner of a family car being operated by her husband in an easterly direction on route 15 in the town of East Hartford, which car, having become involved in a minor collision with a car of James E. LePine, was brought to a stop three-tenths of a mile westerly of Simmons Road Overpass and partly in the north lane of the traveled portion of the dual lane for eastbound traffic. At the time and place, it was dark and foggy, there was a misty rain, the road was wet, there were no artificial lights in the vicinity, visibility was poor, and the plaintiff's vehicle was standing without lights on the front or rear. After the plaintiff's vehicle had remained in this position for several minutes, and at a time when it was unoccupied and while its operator was standing ten feet away from it, it was struck by the motor vehicle of the defendant, who had been operating easterly at a speed between forty-five and fifty miles per hour and who did not see the plaintiff's car prior to striking it. The operator of the plaintiff's car, prior to the collision, did not set out any warning signs or lights, nor did he take any steps to

warn the approaching defendant, who was operating his car on the low beam. The court found that both the operator of the plaintiff's car and the defendant were negligent and that the negligence of each was a proximate cause of the collision, and concluded that the doctrine of last clear chance did not apply.

The court found that the defendant was negligent in failing to keep a proper lookout and that the operator of the plaintiff's car was contributorily negligent in three respects: (1) in permitting his automobile to remain stationary on a public highway in such a manner as to constitute a traffic hazard and to obstruct the free movement of traffic thereon; General Statutes § 14-251; (2) in permitting it to stand upon the highway during the period from one-half hour after sunset to one-half hour before sunrise without showing at least one light in the front thereof and without displaying at least one light in the rear thereof; General Statutes § 14-87; and (3) in permitting the automobile to remain stationary on the highway without posting warning signs or lights or without taking any other caution or precaution whatsoever to warn the defendant, who was lawfully on said highway.

Since the only claimed error is the failure of the court to apply the last clear chance doctrine, it must be determined whether the four conditions requisite for its application could reasonably be found to exist. *Correnti* v. *Catino,* 115 Conn. 213, 216. As to the first condition, the court could reasonably have found that, through the negligence of its operator, the car of the plaintiff was in a position of peril, that the operator was "merely passively permitting an already fixed condition to remain unchanged," and that he did nothing actively to bring into the situation "any changed conditions" of peril and nothing after his original negligent acts

to increase the existing perils or to bring about the resulting injury. *Frisbie* v. *Schinto,* 120 Conn. 412, 417; *Correnti* v. *Catino,* supra.

The second condition is that the injuring party then or thereafter becomes or, in the exercise of ordinary prudence, ought to have become, aware not only of the fact, that is, the position of peril, but also that the party in peril reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so. The third condition is that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm, and the fourth condition is that the injuring party fails to exercise such care.

Time is an important consideration in the application of the second, third, and fourth elements of this doctrine. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 632; *Petrillo* v. *Connecticut Co.,* 92 Conn. 235, 236. Although the court found that the defendant was not keeping a proper lookout, there was no finding as to at what point in time or distance the defendant, in the exercise of reasonable care, ought to have observed the plaintiff's car; nor was there even a finding that the defendant, in the exercise of reasonable care, ought to have observed the plaintiff's car at some point prior to the collision. It nowhere appears that the defendant, after he, in the exercise of reasonable care, should have become aware of the peril of the plaintiff's car, by means reasonably within his power could have prevented the collision that followed. *Petrillo* v. *Connecticut Co.,* supra; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 120.

The burden of proving the necessary facts to establish the elements justifying the application of the doctrine is upon the plaintiff, and if he fails to

afford a reasonable basis for finding that each and all of these elements existed, the doctrine may not be applied. *Correnti* v. *Catino,* supra. The court was not in error in concluding that the doctrine of last clear chance did not apply.

The plaintiff's vehicle invited the very result that followed; it was what was naturally to be expected. *Cheskus* v. *Christiano,* 120 Conn. 596. Whether or not the negligence of the operator of the plaintiff's car was a substantial factor in causing the damage to it was, upon all the circumstances of the case, a question of fact for the trial court, and its finding that the negligence of the operator was a substantial factor in producing the plaintiff's damage is conclusive. *Nichols* v. *Watson,* 119 Conn. 637, 640; *Mahoney* v. *Beatman,* 110 Conn. 184, 195.

There is no error.

In this opinion, MACDONALD, J., concurred.

WRIGHT, J. (dissenting). The finding discloses the following facts: There was misty rain. There were no artificial lights in the vicinity. It was foggy and dark. Visibility was poor and the road was wet. The defendant was operating his automobile at a speed between forty-five and fifty miles an hour.

The trial court made the following conclusion: "18. The Court finds that the defendant was negligent in that he failed to keep a proper lookout."

It therefore appears that the plaintiff's negligence had come to rest, after which time the defendant, in the exercise of due care, should have seen the plaintiff's plight and could have avoided striking the plaintiff's car. In spite of the poor visibility and dangerous conditions, the defendant continued to drive his automobile at a speed of forty-five to fifty miles per hour. Each moment of proceeding

forward at such speed constituted a new act of negligence, superseding the negligence of the plaintiff. *Dent* v. *Bellows Falls & S.R. St. Ry. Co.*, 95 Vt. 523; *Tullock* v. *Connecticut Co.*, 94 Conn. 201; Wright, Conn. Law of Torts, p. 63. The doctrine of last clear chance is therefore applicable in this case.

In my opinion, there is error, and the cause should be remanded for the purpose of determining the plaintiff's damages.