RICHARD M. PINTO *v.* ETHEL SPIGNER

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MacDONALD, Js.

Argued April 6—decided May 24, 1972

*Richard A. Silver,* for the appellant (plaintiff).

*Gregory C. Willis,* for the appellee (defendant).

MacDonald, J. The plaintiff brought this action to recover damages for injuries arising out of an intersection collision between his motorcycle and an automobile operated by the defendant. At the conclusion of the plaintiff's evidence the defendant rested and, on her motion, the court directed a verdict for the defendant. The plaintiff appealed from the final judgment and assigned as error the trial court's refusal to set the verdict aside.

"The court's action in directing the verdict for the defendants can be sustained only if the jury could not reasonably and legally have reached a conclusion other than in . . . [her] favor. *Santor* v. *Balnis,* 151 Conn. 434, 435, 199 A.2d 2. 'Directed ver-

dicts are not favored and should be granted only
when the jury could not reasonably and legally reach
any other conclusion.' *Console* v. *Nickou,* 156 Conn.
268, 270, 240 A.2d 894; *Bambus* v. *Bridgeport Gas
Co.,* 148 Conn. 167, 168, 169 A.2d 265." *Leary* v.
*Johnson,* 159 Conn. 101, 104, 267 A.2d 658; see *Ter-
minal Taxi Co.* v. *Flynn,* 156 Conn. 313, 316–17, 240
A.2d 881. In reviewing the action of the trial court,
in first directing and thereafter refusing to set aside
the verdict, we consider the evidence, including in-
ferences which reasonably may be drawn from this
evidence, in the light most favorable to the plain-
tiff. *Leary* v. *Johnson,* supra, 102; *Johnson* v. *Con-
solidated Industries, Inc.,* 153 Conn. 522, 524, 218
A.2d 380; *Rickert* v. *Fraser,* 152 Conn. 678, 682, 211
A.2d 702.

The jury reasonably and logically could have
found the following facts: The collision giving rise
to this action occurred at approximately 3:30 p.m.
on May 12, 1967, at a major, heavily traveled inter-
section in the city of Stamford where Main Street,
also known as United States route 1 or the Post
Road, intersects with Courtland Avenue on the north
and the westbound entrance ramp to the Connecti-
cut Turnpike on the south. A traffic signal in the
center of the intersection controls traffic in all direc-
tions as to both streets and the entrance ramp. The
entire eastbound lane of Main Street, immediately
west of the traffic signal in the intersection, is ap-
proximately twenty-nine feet wide and vehicles
traveling in a westerly direction have a clear, unob-
structed line of vision of approximately 670 feet
from the traffic signal looking westerly to the crest
of a hill on Main Street. The weather was clear and
dry and the road conditions were good. The plain-
tiff, operating his motorcycle in an easterly direc-

tion on East Main Street, changed over from the left, or northerly eastbound, lane to the right, or southerly eastbound, lane at a point approximately 642 feet from the traffic signal. As he approached the intersection he was proceeding in a straight line in the right lane at a speed of approximately twenty miles per hour, and was in the process of slowing down. The defendant, operating her automobile in a westerly direction on Main Street, had stopped at the traffic signal when it was red for her and had her directional signal on to indicate her intention of making a left turn. After the light turned green, the defendant waited until several vehicles approaching her from the west had passed and the way appeared clear to her. She then proceeded to make a left turn across the eastbound lane onto the entrance ramp to the Connecticut Turnpike. After commencing a smooth, continuous turn, she looked straight ahead toward the entrance ramp, never again turning to look westerly down Main Street. Although the defendant admitted that she at no time saw or heard the motorcycle prior to the impact, a witness in an automobile following immediately behind the defendant had observed the motorcycle as it approached all the way from the crest of the hill some 670 feet away. Another witness, in an automobile which was stopped in the left, or northerly, lane eastbound while preparing to make a left turn onto Courtland Avenue, heard the motorcycle coming over the crest of the hill and the noise became louder up to the moment of impact. The collision occurred at approximately the center of the southerly eastbound lane, or fifteen feet from the southerly edge of East Main Street at which time the front portion of the defendant's automobile had entered the ramp while the rear portion was partially blocking the

southerly eastbound lane. The point of impact was over the right rear wheel of the defendant's automobile and it caused the plaintiff to be thrown from the motorcycle and to hit his head on a pole, resulting in serious injuries to him. From the evidence offered, the jury reasonably could have found that the defendant was negligent in one or more of the ways alleged in the complaint. In such circumstances the issue should be submitted to the jury.

The defendant cannot escape responsibility by stating that she did not see or hear the motorcycle, if, in fact, she would have observed it in the exercise of reasonable care. *Brangi* v. *Connecticut Motor Lines, Inc.,* 134 Conn. 562, 563, 59 A.2d 295; *Goodhue* v. *Ballard,* 122 Conn. 542, 545, 546, 191 A. 101; *Rosenberg* v. *Matulis,* 116 Conn. 675, 677–78, 166 A. 397; *Goulet* v. *Chase Companies, Inc.,* 112 Conn. 286, 290, 152 A. 59. "The circumstances of each case must determine the degree of alertness required of an operator of an automobile in keeping a lookout. . . . He is not necessarily negligent merely because he fails to look ahead continually and uninterruptedly. . . . But he is required to keep a reasonable lookout for any persons and traffic he is likely to encounter, and he is chargeable with notice of dangers of whose existence he could become aware by a reasonable exercise of his faculties." *Palombizio* v. *Murphy,* 146 Conn. 352, 357, 150 A.2d 825. Even if the defendant looked west along East Main Street before commencing her turn, prudence, under the circumstances, demanded that she keep a proper lookout in that direction as she crossed the eastbound lanes. *Mulvey* v. *Barker,* 138 Conn. 551, 554, 555, 86 A.2d 865; *Rosenberg* v. *Matulis,* supra, 678; *Goulet* v. *Chase Companies, Inc.,* supra, 290; *Whipple* v. *Fardig,* 112 Conn. 402, 403, 152 A. 397.

Since the defendant was intending to make a left-hand turn at the intersection in order to cross the eastbound lanes, we must consider, in addition to the common-law doctrine, § 14-246 of the General Statutes which governs the rights and duties of the operators under such circumstances. See *Michaud* v. *Gagne,* 155 Conn. 406, 409, 232 A.2d 326; *Marcio* v. *Helm's Express, Inc.,* 154 Conn. 615, 618, 228 A.2d 128; *Kronish* v. *Provasoli,* 149 Conn. 368, 371, 179 A.2d 823. Section 14-246, in effect at the time of the accident, provides that "[t]he driver of a vehicle intending to turn to the left within an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection *or so close thereto as to constitute an immediate hazard."* (Emphasis supplied.) In interpreting the words "immediate hazard" as used in the statutory predecessor to § 14-246, we said: "The . . . [plaintiff] would still have the statutory right of way if, even though no part of his . . . [motor-cycle] was actually within the intersection, his . . . [motorcycle] was so close thereto as to constitute an immediate hazard, that is, so close thereto that a reasonably prudent person, in the . . . [defend-ant's] situation and intending to make a left turn, would believe that if he did make and complete the left turn, there would be an immediate danger or risk of a collision, even though it might not be a certainty." *Kronish* v. *Provasoli,* supra, 372. Whether the plaintiff was within or so close to the intersection as to constitute an "immediate hazard" was for the jury to determine, ample evidence having been introduced to warrant such a determination.

It is also incumbent on the plaintiff to prove that the negligence, whether common-law or statutory, was the proximate cause of the collision.

*Moore* v. *Bunk,* 154 Conn. 644, 649, 228 A.2d 510. "A causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case." *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449. The test is whether the defendant's conduct was a substantial factor in causing the plaintiff's injuries. *Hofacher* v. *Fox,* 142 Conn. 179, 184, 112 A.2d 217; *Mahoney* v. *Beatman,* 110 Conn. 184, 197, 147 A. 762. "The issue of proximate cause presents a question of fact for the trier unless no causal relation between the negligence of a defendant and a plaintiff's injuries can reasonably be found. *McDowell* v. *Federal Tea Co.,* 128 Conn. 437, 440, 23 A.2d 512; *DeMunda* v. *Loomis,* 127 Conn. 313, 315, 16 A.2d 578." *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 27, 266 A.2d 370. From an analysis of the evidence presented and the reasonable inferences permitted we cannot say, as a matter of law, that no room existed for a reasonable difference of opinion on the issue of proximate cause. Hence, the issue should have been submitted to the trier.

Nor do we find that a verdict properly could be directed on the ground of contributory negligence. The evidence, considered in the light most favorable to the plaintiff; *Leary* v. *Johnson,* 159 Conn. 101, 102, 267 A.2d 658; would permit a jury reasonably and logically to find, inter alia, that (1) as the plaintiff approached the intersection he was traveling in a straight line in the right eastbound lane, (2) he was in control of his vehicle at all times, (3) he was traveling at twenty miles per hour and was in the process of slowing down and (4) on seeing the defendant he attempted to avoid the accident by rearing up and tensing on his brakes.

"Litigants have a constitutional right to have issues of fact decided by the jury. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352." *Blados* v. *Blados,* 151 Conn. 391, 396, 198 A.2d 213; see *Leary* v. *Johnson,* supra, 106; *Rickert* v. *Fraser,* 152 Conn. 678, 681, 211 A.2d 702. In the present case, we cannot say as a matter of law that the evidence is such that the minds of fair and reasonable persons could reach but one conclusion thereby preventing the issues from being submitted to the jury. The facts and reasonable inferences to be drawn therefrom were sufficient for a jury reasonably and logically to conclude that the defendant was negligent in one or more of the ways alleged and that this negligence was the proximate cause of the collision.

There is error, the judgment is set aside and a new trial is ordered.

In the opinion the other judges concurred.