SALVATORE J. PERRUCCIO *v.*
WALLACE ARSENEAULT ET AL.
(3126)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 7—decision released May 20, 1986

*William Howard,* for the appellant (plaintiff).

*John M. Creane,* with whom, on the brief, was *Konstant W. Morell,* for the appellees (defendants).

DUPONT, C. J. This is an appeal from a judgment rendered for the defendants in accordance with a verdict directed at the close of the plaintiff's case. The plaintiff sued the defendants for allegedly libelous statements made by the named defendant, Wallace Arseneault, concerning the plaintiff's management of a labor union. The parties concede that the plaintiff is a public figure as defined in *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323, 342, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974), and, therefore, that the plaintiff cannot recover for defamatory falsehoods, absent clear and convincing evidence that the statements were made with actual malice. See *New York Times Co.* v. *Sullivan,* 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). The trial court granted the defendants' motion for a directed verdict, stating that the plaintiff failed to show that the statements were false and made with actual malice. On appeal, the plaintiff contends that the trial court erred in directing a verdict for the defendants and by excluding certain evidence relevant to show that the statements were false, were made with actual malice and injured the plaintiff's reputation. We find no error.

The plaintiff was the president of the Connecticut Employees Union Independent (CEUI). CEUI represented the maintenance workers employed by the state of Connecticut at the University of Connecticut at Storrs (UConn). The defendant, Arseneault, was a maintenance worker at UConn and a member of the CEUI, holding various offices in the union, including that of vice president. In November, 1979, Arseneault resigned as vice president of CEUI to campaign for another union bargaining representative. The co-defendant, District 1199, National Union of Hospital and Health Care Employees (1199), sought to take over representation of the maintenance workers at UConn and engaged the services of Arseneault as a field organizer for that campaign.

The campaign began during the last week of November, 1979, and was the subject of several newspaper articles. Arseneault made statements which were quoted in these articles. The first count of the plaintiff's complaint alleges that Arseneault made a public statement in the Middletown Press charging the plaintiff with "dictator leadership" of the union and failure to follow the by-laws of the union's constitution. Arseneault also accused the plaintiff of circulating "slanderous" fliers, maintaining a private checking account with union funds and using union funds without "having authority and/or approval of the executive board to spend funds of the union." The second count of the complaint alleges that Arseneault, by statements printed in the Hartford Courant, accused the plaintiff of making out checks "when he sees fit" even though "the by-laws say anything up to $1,000 requires the executive board's approval and anything more than $1,000 [requires] the members' approval." The third count of the complaint alleges that Arseneault accused the plaintiff, through statements in the Willimantic Chronicle, of being "a dictator who spends [union]

money as he sees fit," and "[a]ny big decision—[Perruccio] makes it—its a dictatorship union. He signs checks with the Treasurer and they spend the money as they see fit. If anybody's going to jail, its not going to be me, because I don't want any part of it." The fourth count alleges that Arseneault libeled the plaintiff in a letter to the maintenance workers at UConn by stating "Sal Perruccio does not tell the whole truth to our Union's members." The fifth count alleges that Arseneault, in an article in the Willimantic Chronicle, accused the plaintiff of mishandling union funds.

In its direction to the jury to render a verdict for the defendants, the trial court assumed that Arseneault's statements were factual, rather than statements of opinion. The court, however, found that the plaintiff failed to establish that the statements were false and failed to produce clear and convincing evidence that Arseneault made the allegedly defamatory statements with actual malice. Judgment was rendered on the verdict for the defendants. The plaintiff moved to set aside the verdict and for a new trial. This motion was denied without articulation and the plaintiff appealed.

The plaintiff claims that the trial court erred in directing a verdict because the jury could reasonably have found that the published statements were false, made with actual malice and caused actual damage. The plaintiff also claims that the trial court erred by excluding certain evidence relevant to these same issues.

In cases where actual malice must be shown, the burden of proving the falsity of the defendant's statements is on the plaintiff. See *Cox Broadcasting Corporation* v. *Cohn,* 420 U.S. 469, 490, 95 S. Ct. 1029, 43 L. Ed. 2d 328 (1975); *Time, Inc.* v. *Pape,* 401 U.S. 279, 290–91, 91 S. Ct. 633, 28 L. Ed. 2d 45 (1971) (relying on *New York Times Co.* v. *Sullivan,* supra); *Wilson* v. *Scripps-Howard Broadcasting Co.,* 642 F.2d 371, 374–76 (6th

Cir. 1981); *Meiners* v. *Moriarity,* 563 F.2d 343, 351 (7th Cir. 1977); *Goodrich* v. *Waterbury Republican-American, Inc.,* 188 Conn. 107, 112 n.6, 448 A.2d 1317 (1982). A directed verdict can be upheld only if the jury could not reasonably and legally have reached any other conclusion. *Bleich* v. *Ortiz,* 196 Conn. 498, 500–501, 493 A.2d 236 (1985); *Pinto* v. *Spigner,* 163 Conn. 191, 192–93, 302 A.2d 266 (1972). " 'In reviewing the trial court's decision directing a verdict [for the defendant] and denying a subsequent motion to set it aside, this court considers all the evidence, including reasonable inferences, in the light most favorable to the plaintiff. *Pinto* v. *Spigner,* supra; *Leary* v. *Johnson,* 159 Conn. 101, 104, 267 A.2d 658 (1970).' *Sestito* v. *Groton,* 178 Conn. 520, 522, 423 A.2d 165 (1979) . . . ." (Brackets in original.) *Bleich* v. *Ortiz,* supra, 501.

During the plaintiff's presentation of his case, he admitted to irregular practices regarding the disbursement of union funds. Specifically, he admitted that not all expenditures were approved by the executive board as required by the union by-laws. While this practice may have been an accepted procedural deviation from the union's by-laws, the fact that such deviations existed demonstrates that Arseneault's statements concerning Perruccio's failure to comply with the union's by-laws, mishandling of union funds, "making checks when he sees fit" and using funds without "authority and/or approval of the executive board" were technically and substantially true. For a publication to be libelous in any sense, it must be false. *Hogan* v. *New York Times Co.,* 313 F.2d 354, 355 n.1 (2d Cir. 1963). These statements, therefore, were protected as free speech.

The plaintiff also alleged that Arseneault's accusations of "dictator leadership" were libelous. Such a statement should not be viewed in isolation but must be considered within the context in which it was made. Arseneault was a union member criticizing the union

leadership. He was also a field representative for a competing union seeking to represent the UConn maintenance workers. While defamatory statements made during labor controversies are not immunized from civil liability; see *Letter Carriers* v. *Austin,* 418 U.S. 264, 279, 94 S. Ct. 2770, 41 L. Ed. 2d 745 (1974); such statements must be gauged by " 'the conventional give-and-take in our economic and political controversies' " to determine whether they are statements of fact or opinion. *Gregory* v. *McDonnell Douglas Corporation,* 17 Cal. 3d 596, 602, 552 P.2d 425, 131 Cal. Rptr. 641 (1976), quoting *Cafeteria Union* v. *Angelos,* 320 U.S. 293, 64 S. Ct. 126, 88 L. Ed. 58 (1943). We also note that this allegation may properly be characterized as opinion because it is not objectively capable of being proven true or false. See *Buckley* v. *Littell,* 539 F.2d 882, 894 (2d Cir. 1976), cert. denied, 429 U.S. 1062, 97 S. Ct. 785, 50 L. Ed. 2d 777 (1977) (allegation that plaintiff was a "fascist" not defamatory in its context). Given the context in which the statement was made, a reasonable reader would not take such a statement literally. We hold that within the context of this union representation contest, Arseneault's statement that the plaintiff is a "dictator," without more, is a statement of opinion insufficient to sustain an action for libel. We also find that the statement, "Sal Perruccio does not tell the *whole* truth to our Union's members" (emphasis added), to the extent that it is objectively capable of being proven false, has not been so proven. The plaintiff also failed to present evidence to demonstrate the falsity of Arseneault's allegations concerning the distribution of slanderous fliers or the maintenance of a private checking account with union funds. The jury, therefore, could not have reasonably found that these statements were libelous.

In directing the verdict for the defendants, the trial court also found that the plaintiff had failed to estab-

lish by clear and convincing evidence that the allegedly libelous statements were made with actual malice as required by *New York Times Co.* v. *Sullivan,* supra. Actual malice is present when a statement is made with knowledge that the statement was false or when it is made with reckless disregard as to whether it was false or not. *New York Times Co.* v. *Sullivan,* supra, 279–80. Even if we assume arguendo that the plaintiff had sustained his burden of proof with respect to the falsity of the statements, construing all the facts and logical inferences therefrom in the plaintiff's favor, the jury could not have reasonably found that the plaintiff had presented clear and convincing evidence to prove that Arseneault had made the statements with reckless disregard as to whether they were true or false. The evidence presented was insufficient to prove the plaintiff's prima facie case of actual malice.

The plaintiff claims that he was prevented from establishing his prima facie case by the trial court's erroneous exclusion of evidence relevant to the issues of falsity, actual malice and injury to reputation. He claims that the trial court excluded evidence that Arseneault was present and voted at a January 28, 1976, meeting of the CEUI executive board. The trial court excluded this evidence as irrelevant. The plaintiff claimed that this evidence was relevant to prove the falsity of Arseneault's statements by showing that he was aware of certain actions taken by the board which he later alleged were improper. "Relevant evidence must be logically probative and sufficiently significant to aid the trier in the determination of a fact in issue." *Turgeon* v. *Turgeon,* 190 Conn. 269, 273, 460 A.2d 1260 (1983). The trial court is given wide discretion to determine the relevancy of offered evidence. *State* v. *DeForge,* 194 Conn. 392, 396, 480 A.2d 547 (1984). A determination by the trial court that certain evidence is irrelevant will not be disturbed unless such

a determination constitutes an abuse of discretion. *Vazzano* v. *Slater,* 6 Conn. App. 1, 6, 502 A.2d 440 (1986). The evidence excluded here would not show that Arseneault's allegations were untrue. At best, it would have shown that Arseneault was aware of allegedly improper activity as early as January, 1976. The trial court did not abuse its discretion in excluding such evidence as irrelevant.

The plaintiff also claims that the trial court erred in excluding circumstantial evidence tending to show actual malice on behalf of Arseneault. The plaintiff attempted to prove that Arseneault's statements were part of a "concerted plan" directed at the plaintiff with the intent to do him harm. The plaintiff sought to introduce evidence of a conversation in September, 1977, between the plaintiff and the president of 1199. The defendants' counsel objected to the question as irrelevant and the objection was sustained. The plaintiff's counsel, however, made no offer of proof to demonstrate the relevancy of the question. We are therefore unable to review this claim. There is no indication of plain error. See Practice Book § 3060D. This same reasoning applies to the plaintiff's claim of error regarding the trial court's exclusion of certain testimony of Susan Chappa, another witness.

The plaintiff also claims that the trial court erred in excluding evidence to demonstrate a personal conflict between him and the defendants which led to Arseneault's defamatory statements. The trial court sustained the objection of the defendants' counsel to the testimony of Henry M. Bouley, Sr., regarding a dispute between him and Arseneault which was offered to show ill will between Arseneault and the plaintiff. The plaintiff also offered the testimony of Salvatore Shilone to prove that 1199 had attempted to recruit Shilone's services in its campaign to take over representation of the UConn maintenance workers. This

evidence was held inadmissible on the ground of irrelevancy. The plaintiff, with his offer of such evidence, was attempting to prove the defendants' "ill will" or common law malice against the plaintiff as evidence that they acted with actual malice under *New York Times Co.* v. *Sullivan,* supra. The plaintiff contends that this ill will was relevant and admissible evidence to show that Arseneault's state of mind was highly conducive to the reckless disregard of falsity. Although ill will or common law malice is relevant evidence of actual malice because it provides a motive for knowing or reckless falsehood, such evidence alone cannot support a finding of actual malice. *Beckley Newspapers* v. *Hanks,* 389 U.S. 81, 82, 88 S. Ct. 197, 19 L. Ed. 2d 248 (1967) (per curiam). Therefore, if any error was committed by excluding such evidence, it was harmless.

An independent appellate review of the record in this case fails to show, by clear and convincing evidence, that the defendants falsely defamed the plaintiff with statements made with actual malice. See *Herbert* v. *Lando,* 781 F.2d 298, 308 (2d Cir. 1986); *Goodrich* v. *Waterbury Republican-American, Inc.,* supra, 108 n.1.

The plaintiff also claims that the trial court erred in excluding evidence to demonstrate that the plaintiff's reputation was damaged as a result of Arseneault's statements. Since the plaintiff failed to prove that such statements were false or made with actual malice, claims of error relating to the plaintiff's injured reputation are moot and need not be addressed.

There is no error.

In this opinion the other judges concurred.