[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
At the November 2, 1992 motion calendar, the court heard two motions to strike filed by defendants Ray Proof, a Division of Shielding Systems Corp. (Ray Proof), of Norwalk (#138), and Bairnco Corporation (Bairnco), of Maitland, Florida. (#140). These motions were directed to all seven counts of a revised complaint dated September 25, 1992, filed by the plaintiff, Raymond Torok.
These counts allege breach of contract, promissory estoppel, tortious interference with contract, defamation, a violation of General Statutes31-128f concerning personnel files, negligent disclosure of personnel files, and negligent infliction of emotional distress.
A motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded, Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985), which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987). "If facts provable under the allegations would support a . . . cause of action, then the motion to strike must fail." Ferryman v. Groton, supra, 142.
Thus, in deciding this motion to strike we assume the following allegations contained in the complaint are true: (1) when the plaintiff's employment was terminated by Ray Proof, its president, a George Schudy, "assured [plaintiff] that Ray Proof would do everything in its power to assist Torok in finding new employment"; (2) about six weeks later, another employee of Ray Proof, one Steven Gooch, also a defendant in this action, telephoned the plaintiff's new employer, McClinch Equipment Corporation (McClinch), in Fairfield, and told its chief financial officer that the plaintiff "was not a good CT Page 1290 accountant" and also that Torok "was continuing to search for new employment actively, notwithstanding the fact that Torok had accepted a position at McClinch"; and (3) the plaintiff's employment at McClinch was terminated the next day.
The issue in Ray Proof's motion to strike is whether the allegations of the complaint adequately assert any one or more of the seven causes of action contained therein. With regard to the plaintiff's claim for breach of contract, it is clear that the statement by defendant Ray Proof's president that the company "would do everything in its power to assist Torok in finding new employment" does not give rise to a contract. This is a vague kind of promise at best and lacks the specificity to constitute a contract. Rather, it appears to be a friendly way to send off a terminated employee with a vague promise to help in the future. A contract, on the other hand, was described in Dunham v. Dunham, 204 Conn. 303, 313, 528 A.2d 1123 (1987), as requiring a definite promise. "Under established principles of contract law, an agreement must be definite and certain as to its terms and requirements." (internal citations omitted). Moreover, the plaintiff has not explained what consideration supported the alleged promise by Ray Proof, and it is difficult to discern any under the circumstances. D'Ulisse-Cupo v. Board of Education, 202 Conn. 206, 213, 520 A.2d 217 (1987). Therefore, the motion to strike the first count alleging a breach of contract is granted.
The complaint also fails to adequately set forth a cause of action in promissory estoppel as described in D'Ulisse-Cupo, Id. This doctrine requires "a clear and definite promise which a promisor could reasonably have expected to induce reliance." Id. Also present in the D'Ulisse-Cupo case was a promise that "the defendants would do everything possible to avoid discharging teachers." Id., 215. This was described as a "conciliatory" statement that reflected "vagueness and indefiniteness." Id., 215-16. The promise in this case regarding future employment has the same fatal defect as the promise in D'Ulisse-Cupo, and hence must be struck.
The third count, alleging tortious interference with a contractual relationship consisting of plaintiff's contract of employment with McClinch, involves defendant Gooch's statements to plaintiff's new employer that Torok was not a good accountant, and that he was continuing to seek employment even though employed by McClinch. This count also alleges that Gooch was acting "for himself and/or on behalf of Ray Proof," that Gooch made these statements voluntarily and without any authority or right to do so, and that such disclosures "were untrue and inaccurate." I believe that this claim adequately spells out CT Page 1291 a cause of action in tortious interference with contract as outlined in Hart, Nininger and Campbell v. Rogers, 16 Conn. App. 619, 629,548 A.2d 758 (1988). "The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendants' knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff." Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 536, 546 A.2d 216
(1988), adds that the interference must be "tortious" and gives as examples "fraud, misrepresentation, intimidation or molestation" or a malicious act, or conduct involving "improper motive or improper means." The complaint alleges that the representations in question, which involves Gooch's statements, were "untrue and inaccurate" thus satisfying the requirement of alleging a tort such as misrepresentation. The fourth count alleges defamation. As was said in Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 605, 612, 116 A.2d 440 (1955), "if the alleged defamatory words could not reasonably be construed defamatory in any sense, the matter becomes an issue of law for the court." The alleged defamation involves a claim that Torok "was not a good accountant." However, the complaint does not even assert that the plaintiff was an accountant, and the statement by Gooch seems clearly to assert only an opinion. In Perruccio v. Arsenault, 7 Conn. App. 389,394, 508 A.2d 831 (1986), the court held that an assertion of "dictator leadership" was not defamatory. The court described this allegation "as opinion because it is not objectively capable of being proven true or false." I believe the assertion that plaintiff was not a good accountant falls into the same category. The assertion that Torok was seeking other employment despite being employed by McClinch, is not defamatory either. A defamation action is based on an unprivileged communication of a false fact that tends to either harm one's reputation by lowering such person in the estimation of the community, or to deter other people from dealing or associating with such person. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316,477 A.2d 1005 (1984). Thus, the motion to strike this count is granted because the alleged statements in question do not, in this court's opinion, constitute defamatory statements.
The fifth and sixth counts involve General Statutes 31-128f, which provides that "[no] individually identifiable information contained in the personnel file . . . of any employee shall be disclosed by an employer to any person . . . without the written authorization of such employee . . ." with some exceptions that are not relevant in the instant matter. The fifth count simply asserts that Gooch acting individually and/or on behalf of Ray Proof violated this statute. Even assuming that this statute gives rise to a private cause of action, there are no allegations of what "individually identifiable information" contained in CT Page 1292 the plaintiff's personnel file was disclosed. The sixth count claims that the violation of the statute constitutes "negligence" on the part of the defendants. This count stands on no firmer footing than the fifth, as I do not believe the statute has been properly invoked in either count.
The final count claims negligent infliction of emotional injury. The plaintiff asserts that "Gooch and Ray Proof . . . should have realized that the conduct described above involved an unreasonable risk of causing emotional distress which might result in illness or bodily harm to Mr. Torok." The allegations of the seventh count adequately set forth a cause of action in negligent infliction of emotional injury as outlined in Morris v. Hartford Courant Co., 200 Conn. 676, 684,513 A.2d 66 (1986)("the emotional distress caused by the defendant's conduct exposed him to the risk of illness or bodily harm").
In summary, Ray Proof's motion to strike the first, second, fourth, fifth and sixth counts is granted, and the motion is denied as to the third and seventh counts alleging tortious interference with contract, and negligent infliction of emotional distress, respectively.
The motion to strike filed by Bairnco contends that the only allegation in the complaint directed against Bairnco is that Shielding is its wholly owned subsidiary, and that this does not give rise to a cause of action again Bairnco. In addition to the reference that Shielding is the "wholly owned subsidiary" of Bairnco, plaintiff also asserts that Bairnco "furnishes corporate, administrative, professional and financial support" to Shielding. In his memorandum plaintiff asserts that he wishes to "pierce Bairnco's corporate veil" under the so-called "identity rule." This rule was described in United Electrical Contractors, Inc. v. Progress Builders, Inc., 26 Conn. App. 749,756, 603 A.2d 1190 (1992), as preventing "injustice in the situation where two corporate entities are, in reality, controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities." (internal quotations and citations omitted). There are no allegations in the complaint in reference to Bairnco and its subsidiary Shielding even approximating the criteria set forth in United Electrical Contractors, supra. Thus, the complaint lacks sufficient grounds to hold Bairnco liable for the actions of Gooch even if the plaintiff can prove that Gooch was acting on behalf of Ray Proof.
Defendant Gooch also filed a motion to strike all counts of the plaintiff's complaint, but it was not heard at the November 2, 1992 calendar, and therefore will not be addressed at this time. CT Page 1293
So Ordered.
Dated at Stamford, Connecticut, this 1st day of February, 1993.
William B. Lewis, Judge