[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12396
Non-Argument Calendar

_____

D. C. Docket No. 06-00068-CV-JTC-3

M. S. KOLY,
DELCATH SYSTEMS, INC.,

Plaintiff-Appellees,

versus

ELIZABETH L. ENNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 7, 2008)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This appeal arises from a libel action brought by Delcath Systems, Inc. and M.S. Koly against Elizabeth Enney. Defendant Enney appeals the district court's denial of her motion for sanctions under Federal Rule of Civil Procedure 11 after the plaintiffs' complaint was dismissed pursuant to Rule 12(c).

**I.**

Koly and Enney are both members of the Rolls Royce Owners Club, a non-profit organization for car enthusiasts. During the relevant time period, Enney was the Club's Regional Vice Chairman, while Koly served as the Vice President of Regions and was a Club board member. Mark Corigliano served as the Club's Treasurer and was also on the board of directors.

Delcath is an unrelated corporation that develops medical devices. While they were members of the Club's board, both Corigliano and Koly were also on Delcath's board of directors, and Corigliano served on Delcath's compensation committee.

In June 2001, Corigliano was asked to replace the Club's computer software program. He completed the project and requested compensation. At a January 2002 board meeting, the Club's executive director requested that the board approve Corigliano's payment. The motion was seconded by Koly, and the board passed a resolution to pay Corigliano $9,000.

On July 30, 2005, Enney circulated a memorandum via fax and email to the "RROC Regional and Affiliate Chairman," which set forth the Club's conflict of interest policy and further stated in pertinent part:

> At the recent RROC Board of Directors meeting in Greenwich, a past RROC President and current board member (without vote) informed the Board of Directors of an Improper action by the 2002 Board to pay volunteer RROC Treasurer Mark Corigliano $9,000 and most important, a serious conflict of interest. This serious conflict of interest involves VP Regions, M.S. Koly and Mark Corigliano who serve as interlocking Directors on the Rolls-Royce Owners' Club and Delcath Systems, Inc. and failed to notify the RROC as required by the club's disclosure policy. . . .
>
> Shortly [after the Club payed Corigliano, he] purchased approx. $8-9,000 (11,500 shares) of stock in M.S. Koly's Delcath Systems, Inc. in which Mark had only previously owned 1500 shares. Mark Corigliano also serves on the 2 member Compensation Committee of Delcath Systems, Inc. that decides M.S. Koly's total compensation.
>
> Not only is it an impropriety, but the new Disclosure Policy instituted by RROC President Carl Peterson was either not implemented and certainly was not enforced. . . .

In December 2005, Delcath and Koly filed an amended complaint against Enney in the District Court for the District of Connecticut alleging, among other things, a claim of defamation. After the Connecticut District Court dismissed the defamation claim for lack of personal jurisdiction over Enney, who is a Georgia citizen, the plaintiffs filed a complaint in the Northern District of Georgia, alleging a single count of libel and referencing Georgia law.

3

Enney filed a motion pursuant to Fed. R. Civ. P. 12(c) seeking judgment on the pleadings, and a Rule 11 motion for sanctions. The plaintiffs responded by filing a motion to amend their complaint to replace all references to Georgia law with Connecticut law.

The district court granted Enney's Rule 12(c) motion because it concluded that the plaintiffs' libel claim failed under both Georgia and Connecticut law. However, the court denied Enney's motion for Rule 11 sanctions. Although the district court found that the plaintiffs' claims were "weak," it determined that their claims were "not based on a legal theory that has no reasonable chance of success." Despite noting the "unusual procedural background" of the case, the district court therefore decided to "give Plaintiffs the benefit of the doubt" and denied Enney's motion for sanctions.

Enney argues on appeal that the district court abused its discretion by denying her motion for Rule 11 sanctions.

## II.

We review the district court's order denying Rule 11 sanctions for an abuse of discretion. Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994). The standard used to evaluate an alleged violation of Rule 11 is "reasonableness under the circumstances." Id.; Didie v. Howes, 988 F.2d 1097,

4

1104 (11th Cir. 1993). A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis;
>
> (2) when the party files a pleading that is based on a legal theory that
> has no reasonable chance of success and that cannot be advanced as a
> reasonable argument to change existing law; or (3) when the party
> files a pleading in bad faith for an improper purpose.

Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

Under the objective standard, "[a]lthough sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (footnote omitted). Thus, Rule 11 sanctions "may be appropriate when the plain language of an applicable statute and the case law preclude relief." Id. However, we must keep in mind that "the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." Id.

### III.

After review of the record and consideration of the parties' briefs, we

5

conclude that the district court abused its discretion.  The district court concluded that the plaintiffs had a reasonable factual basis for their libel claim because it was undisputed that Enney sent the memorandum and that it contained the alleged statements.  That conclusion, however, ignores the lack of a factual or legal basis to support the plaintiffs' claim under either Georgia or Connecticut law.

"The publication of the libelous matter is essential to recovery" under Georgia law.  Ga. Code Ann. § 51-5-1(b).  Generally, "[a] libel is published as soon as it is communicated to any person other than the party libeled." Id. § 51-5-3.  However, Georgia law provides a well-established "exception to the broad definition of publication." Kurtz v. Williams, 371 S.E.2d 878, 880 (Ga. Ct. App. 1988).  "[W]hen the communication is intracorporate, or between members of unincorporated groups or associations, and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication . . . ." Id.

The memorandum sent by Enney clearly qualifies as an intracorporate communication.  Enney is the Regional Vice Chairman of the Rebel Region for the Club.  She sent the memorandum via facsimile to "RROC Regional and Affiliate Chairman" with a cover sheet addressed to Executive Director, Tim Younes, and four other named Club officers.  By email, she also sent the memorandum to

6

thirty-six persons, all of whom were Regional and Affiliate Chairmen of the Club. Pursuant to the Club's by-laws, all members must comply with the conflict of interest policy and board members may be removed for good cause. Both Koly and Corigliano were Club board members, and the memorandum contained information concerning a potential "improper action" and "serious conflict of interest" between the two of them. It is clear that the Club leaders to whom Enney circulated the memorandum had reason and authority to receive that information. Enney's memorandum, therefore, does not satisfy the publication requirement for recovery under Georgia law.

Furthermore, the memorandum qualifies as an opinion and therefore is not actionable under Georgia law. Truth is a complete defense to libel under Georgia law. See Ga. Code Ann. § 51-5-6. "[T]o be actionable, a statement of opinion must imply an assertion of objective facts about the plaintiff." Jaillett v. Ga. Television Co., 520 S.E.2d 721, 726 (Ga. Ct. App. 1999). This requirement "unquestionably excludes from defamation liability . . . statements clearly recognizable as pure opinion because their factual premises are revealed." Id. An opinion is, therefore, only actionable "if it implies the allegation of undisclosed facts as the basis for the opinion." Id. (internal quotation marks and citation omitted).

7

The plaintiffs' complaint itself confirms most of the facts set forth in Enney's memorandum such as the positions held by Koly and Corigliano in the Club and Delcath, Corigliano's performance of computer work and his request for payment, the resolution passed by the Club's board to pay Corigliano $9,000, and Corigliano having later purchased Delcath stock. Because these facts are substantially true when read against the complaint, they clearly are not actionable libel under Georgia law. See Ga. Code Ann. § 51-5-6.

The memorandum goes on to classify the conduct of Koly and Corigliano as an "impropriety" and "a serious conflict of interest." Such conclusions, however, are Enney's own personal opinions and are based on the facts that she sets out in the memorandum. Nothing in the memorandum indicates that Enney was aware of any other undisclosed defamatory facts upon which she based her conclusion. The memorandum is, therefore, an opinion and not actionable. See Jaillett, 520 S.E.2d at 726.

Opinions are not defamatory under Connecticut law either. See Perruccio v. Arseneault, 508 A.2d 831, 834 (Conn. App. Ct. 1986). "An opinion . . . is a personal comment about another's conduct, qualifications or character that has some basis in fact." Goodrich v. Waterbury Republican-American, Inc., 448 A.2d 1317, 1321 (Conn. 1982) (internal citations and quotation marks omitted).

"[E]xpressions of 'pure' opinion (those based upon known or disclosed facts) are guaranteed virtually complete constitutional protection." Lizotte v. Welker, 709 A.2d 50, 58 (Conn. Super. Ct. 1996) (citation omitted).

Taking the allegations contained in the plaintiffs' complaint as true, Enney's memorandum is an opinion under Connecticut law because it states the relevant facts upon which she based her conclusions. See Lizotte, 709 A.2d at 58. The memorandum, therefore, is not libelous under Connecticut law either.

This was not a case where the plaintiffs were making a novel legal argument or seeking review of an issue of first impression. The applicable statutes and case law of both Georgia and Connecticut precluded relief. Before filing their complaint, the plaintiffs were aware of the contents of Enney's memorandum and to whom it was circulated. Based on a reasonable inquiry, they either knew or should have known that they could not satisfy necessary elements of their cause of action for libel. See also Worldwide Primates, 26 F.3d at 1091–92 (determining that the denial of a motion for Rule 11 sanctions constituted an abuse of discretion where the plaintiff knew or should have known that it could not prove an integral element of its tortious interference claim). Accordingly, we conclude that the district court abused its discretion by denying Enney's Rule 11 motion.

**REVERSED and REMANDED.**