ANGELO AFFINITO ET AL. *v.* JOHN L. DANIELS

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, JS.

Argued December 4—decision released December 25, 1979

*Albert R. Annunziata* and *John T. Grillo,* for the appellants (plaintiffs).

*Joseph A. Licari, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiffs brought this action to recover damages for injuries suffered by them in a collision involving their vehicle and the vehicle operated by the defendant. The jury rendered a verdict for the defendant. The plaintiffs appealed.

The plaintiff operator made a left turn from a public highway into a private driveway. Before the turn was completed, his vehicle was struck by that of the defendant who was approaching from the opposite direction. The highway where the collision

occurred carries two lanes of traffic in each direction. The only issues briefed by the plaintiffs are two claimed errors in the court's charge.

The first is that the court erred in its charge by not defining the meaning of "immediate hazard" as used in General Statutes § 14-242 (e).[1] The court commented on the statute and stated: "If you find then that the Daniels vehicle was not so close to the intersection when the Affinito car was about to make the left turn, so that a reasonably prudent person would believe that if the left turn was then and there made, there existed no real immediate danger of risk of a collision, then the Affinito car had the right of way under the statute and was justified in making the turn. On the other hand, if you find that the Daniels car was so close to the intersection when the Affinito car was about to make the turn so that a reasonably prudent person would believe that if the left turn was then and there made there existed a real and immediate danger of a risk of collision, then the Daniels car would have the right of way and Mr. Affinito was not justified in making the left turn. In either case, it is not an absolute certainty that a collision would or would not occur but a reasonable belief that a collision would or would not occur." This was substantially

---

[1] General Statutes § 14-242 (e) provides: "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or within the area formed by the extension of the lateral lines of the private alley, road or driveway across the full width of the public highway with which it intersects, or so close to such intersection of public highways or to the area formed by the extension of the lateral lines of said private alley, road or driveway across the full width of the public highway as to constitute an immediate hazard."

the instruction approved in *Pinto* v. *Spigner,* 163 Conn. 191, 196, 302 A.2d 266 (1972). See also *Kronish* v. *Provasoli,* 149 Conn. 368, 372, 179 A.2d 823 (1962). The plaintiffs claim that this instruction was given in limbo and that it was not identified as a definition of immediate hazard. The court's instruction was correct in law and fairly presented the case to the jury in such a way that injustice was not done to either party under the established rules of law. *Tezack* v. *Fishman & Sons, Inc.,* 173 Conn. 183, 186, 377 A.2d 272 (1977); *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798 (1955).

The second claimed error concerns the court's refusal to charge on the failure of the defendant to drive his vehicle in the right-hand lane as required by General Statutes § 14-230. The short answer to this claim is that it was uncontradicted that at the time of the collision, the defendant was operating his vehicle in the extreme right-hand lane of the highway and had done so for a distance of about thirty to forty-five feet. There were no allegations of negligence pertaining to the effect of the defendant's change of lanes.

There is no error.