## JENNIE J. RANDAZZO *v.* JOHN F. PITCHER
### (6555)

BORDEN, DALY and O'CONNELL, Js.

Argued October 12, 1988—decision released February 14, 1989

*Harry Cohen,* for the appellant (plaintiff).

*Richard D. Arconti,* for the appellee (defendant).

BORDEN, J. In this personal injury action arising out of an automobile accident, the plaintiff appeals from the judgment rendered upon the jury's verdict in favor of the defendant. The plaintiff claims that the court erred (1) in failing to instruct the jury properly regarding the law applicable to her claim of liability, and

(2) in permitting the investigating police officer to testify regarding the general point of impact between the cars of the plaintiff and the defendant. We find error.

The accident occurred in the vicinity of the intersection of Route 7 and Sullivan Road in New Milford, shortly after midnight on January 8, 1985. It was snowing at the time of the accident. The plaintiff's theory of liability was that she was just completing a left turn into Sullivan Road from the northbound lane of Route 7 when the accident occurred, and that she had the right of way because the defendant was not in or near the intersection when she made her turn. She testified that she was traveling north on Route 7, and that as she approached the intersection of Sullivan Road she turned on her left signal light, stopped on the right side of the center line, and looked ahead for traffic. She testified further that there was no traffic at all on the road, that she then made a left turn into Sullivan Road, and next remembered waking up in the hospital.

The defendant testified that he was traveling south on Route 7 when he saw the plaintiff's car facing west in the northbound lane of Route 7. He testified also that the plaintiff then began to move across the southbound lane to make a left turn into Sullivan Road, and that he then applied his brakes, sounded his horn and turned to his right to avoid the collision. He testified also that part of the plaintiff's car was within Sullivan Road and part within Route 7 when the cars collided.

The plaintiff's principal claim is that the court's charge to the jury inadequately covered her claim of liability, namely, that the defendant failed to grant her the right of way at the intersection. We agree.

The court first read General Statutes § 14-242 (e) to the jury.[1] It then stated: "Therefore, the driver of the

[1] General Statutes § 14-242 (e) provides: "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road

vehicle entering the intersection of two highways, as is the case here, when about to turn into the street upon his left, must yield the right of way to another vehicle approaching from the opposite direction which is in the intersection or so close thereto as to constitute an immediate hazard. The test to be applied is this. Would a man of ordinary prudence . . . in the same situation in the exercise of reasonable care, reasonably believe that if both vehicles continued to run at the respective rates of speed at which they were running, such continuation of the two vehicles in their respective courses would involve the risk of collision, not necessarily and certainly involve an actual collision but would invoke the risk of a collision."

The plaintiff had filed certain requests to charge based on her claim of law, and took exception to the charge as given. We need not discuss the propriety of her requests to charge because her exception to the charge was adequate to alert the court to the claim she renews on appeal.

The plaintiff was entitled to an instruction adequately suited to her claim of law supported by the evidence she presented. See *Grecki* v. *New Britain,* 174 Conn. 200, 203, 384 A.2d 372 (1978); *Mei* v. *Alterman Transport Lines,* 159 Conn. 307, 313, 268 A.2d 639 (1970). If matter omitted from the charge "is essential to a proper and complete consideration and decision of the case, failure to include it, although inadvertent, constitutes error. *Pietrycka* v. *Simolan,* 98 Conn. 490, 500,

---

or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or within the area formed by the extension of the lateral lines of the private alley, road or driveway across the full width of the public highway with which it intersects, or so close to such intersection of public highways or to the area formed by the extension of the lateral lines of said private alley, road or driveway across the full width of the public highway as to constitute an immediate hazard."

120 Atl. 310 [1923]." *Gross* v. *Boston, W. & N. Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 A. 613 (1933).

The court's charge did not adequately cover the claim of law based on her testimony, namely, that she had the right of way when she made a left turn into Sullivan Road, because the defendant was neither in the intersection nor so close thereto as to constitute an immediate hazard. See *Affinito* v. *Daniels,* 179 Conn. 388, 389–90, 426 A.2d 782 (1979). Although the court's charge was suited to the defendant's version of the collision, namely, that he had the right of way because his car was either within the intersection or so close thereto as to constitute an immediate hazard, the charge did not suit the evidence the plaintiff presented. The court erred, therefore, by omitting half of the instruction approved in *Affinito,* namely that "[i]f you find that the [defendant's] vehicle was not so close to the intersection when the [plaintiff's] car was about to make the left turn, so that a reasonably prudent person would believe that if the left turn was then and there made, there existed no real immediate danger of risk of a collision, then the [plaintiff's] car had the right of way under the statute and was justified in making the turn." Id., 389. This error was not harmless, moreover, because it resulted in a lack of adequate guidance to the jury regarding the plaintiff's principal claim in the case.

Although a new trial is required, we consider the plaintiff's second claim of error because it is likely to arise upon the retrial. The plaintiff claims that the court erred by permitting the investigating police officer to give his opinion regarding the general point of impact between the two vehicles because an adequate foundation for his testimony had not been established. We disagree.

Officer Robert J. Cramer, Jr., of the New Milford police department, who was the investigating officer,

testified that he had state police academy training in accident investigation. He testified further that his police report, which was not admitted into evidence, indicated a point of impact. He also testified that it is standard procedure to look for debris in determining a point of impact, that he prepared the sketch on his report indicating the point of impact shortly after his investigation, that he did not recall seeing debris in the road, and that there must have been something other than the statements of the parties to lead him to indicate the point of impact in the report but he could not recall what it was. He testified also that he was not qualified "that particular evening, under those circumstances" to determine "the exact" point of impact. He testified also, however, that he recalled there being snow on the road, that in any accident investigation he would look for debris and skidmarks or, in this case, tracks left in the snow, and that he probably did so in this case. He testified also that when he performs an accident investigation he attempts to determine the general point of impact from such evidence. He then testified, over the plaintiff's objection, that the report refreshed his memory and that the general point of impact was in the southbound lane of Route 7. The plaintiff duly excepted.

"Expert opinion testimony as to the point of impact in a motor vehicle accident is proper provided the witness has been qualified and an adequate foundation for his testimony has been laid." *Waldron* v. *Raccio,* 166 Conn. 608, 613, 353 A.2d 770 (1974). Cramer's police training was sufficient to permit him to give an opinion as to the point of impact, provided that a sufficient foundation for such an opinion was established. " 'Some facts must be shown as the foundation of . . . an [expert's] opinion, but there is no rule of law declaring the precise facts which must be proved before such an opinion may be received in evidence. It is largely

a matter of judicial discretion whether a witness has been shown to have sufficient experience and opportunity of observation to render his opinion of value.' " Id., 614, quoting *Barber* v. *Manchester,* 72 Conn. 675, 684, 45 A. 1014 (1900). Although this case presents a close question, and although the trial court could well have exercised its discretion to exclude Cramer's opinion, in light of the testimony that he generally determined the point of impact from evidence such as debris and marks in the road and that he probably did so in this case, we cannot say that the trial court abused its broad discretion by permitting him to testify to the general area of the point of impact.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.