[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this negligence action, the plaintiff, while attempting to make a left turn into a private driveway, collided with the defendants' vehicle which was travelling in the opposite CT Page 10678 direction. The plaintiff has alleged a violation of C.G.S. § 14-242(e) on the part of the defendant. The jury returned a verdict for the defendant.
In the motion to set aside the verdict, the plaintiff assigns error in the court's charge relative to C.G.S. § 14-242(e) in that it is claimed the court failed to charge as to the definition of "immediate hazard."
Apart from the fact that the court charged substantially as requested in the plaintiff's request to charge, as follows:
"The car that was turning left was Mr. Kogellis' (plaintiff) and you are to determine in that respect who has to grant the right of way to whom. Was Mr. Batson (defendant) so close? Was he in that common area? Or was he so close to it that if Mr. Kogellis continued on his same path, same direction, if the vehicles continued in the same direction they were going at the same rate of speed they were going, there was a risk of collision," this instruction was in accord with the existing law. Pinto v. Spigner, 163 Conn. 191, 196; Fafinito v. Daniels,179 Conn. 388, 389.
The plaintiff next assigns error in the failure of the court tg charge, under C.G.S. § 14-230, that the defendant (Batson) had a duty to drive in the right hand lane available for traffic. Apart from the fact that the plaintiff's complaint does not allege a violation of C.G.S. § 230, the plaintiff's request to charge concerns itself solely with the plaintiff's obligation to drive in the right hand lane.
Finally, the plaintiff assigns error to the court's reading of the special defense which alleged, "[I]f the plaintiff was injured and damaged in the manner and to the extent set forth in the complaint, said injuries and damages were caused by the negligence and carelessness of Roger Kogelis, a released party pursuant to C.G.S. § 52-52(k)." This section (h)(1)(b) permits a reduction of any plaintiff's award by the amount of the released person's percentage of negligence in relation to one hundred percent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (u) of this section.
It was proper for the court to read this special defense CT Page 10679 and explain to the jury the meaning of the same.
The motion to set aside is denied.
BELINKIE, JUDGE REFEREE