[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO VACATE AND RECONSIDER
In this case there was a verdict for the defendant, a subsequent motion to set aside which was denied, and, presently, a motion to vacate and reconsider the court's denial of the motion to set aside.
A brief statement of facts would be helpful in lending focus on the plaintiff's counsel's filing of the present motion to vacate and reconsider.
On October 6, 1989, the plaintiff's complaint alleges that the plaintiff, Leisa Batson, was riding as a passenger in a vehicle driven by the defendant, Manuel Batson, her husband, and owned by Yvonne Lebrun Cooper. At the same time and place, one, Victor Kogelis was driving his car in the opposite direction to the Batson car, and was attempting to make a left turn into a McDonald's Restaurant on the Batson side of the road. A collision ensued and this action followed, but Kogelis was not a party to this action, having previously settled the plaintiff's claim against him and been released.
The present motion is based on counsel's claim that the court's analysis of plaintiff's claims rests on the mistaken assumption that the plaintiff in the case was Kogelis and that the plaintiff was making a left turn into McDonald's private driveway.
Plaintiff's counsel is quite correct. The court's memorandum on the motion to set aside twice labels Kogelis as the plaintiff in the case. This red-faced court must frankly concede that it was dumbly inadvertent in designating Kogelis as the plaintiff in its memorandum denying the plaintiff's motion to set aside the defendants' verdict.
The court cannot agree, however, that such inadvertence, post-verdict, should have any bearing on the verdict itself. A review of the court's charge does not disclose that the jury was told that the plaintiff in the case was Kogelis.
In this hearing, as in the original hearing on the motion to set aside the verdict, plaintiff's counsel again claims error CT Page 1086 on the court's failure to charge as to the definition of "immediate hazard," as related in Conn. General Statutes Section14-242(e). The court can only repeat its ruling in the memorandum on the motion to set aside the verdict, dated October 18, 1994. The instruction given by the court was in accord with that expressed and established in cases such as Pinto v.Spigner, 163 Conn. 191, 196 and Affinito v. Daniels,179 Conn. 388, 89. The court is not required to charge in the exact language requested. Hanson v. Comm. of Transportation,176 Conn. 383, 391. The charge as given by the court was in substantial compliance with that requested.
The plaintiff further claims that the court committed error by reading the defendant's special defense which stated that the plaintiff's injuries and damages were caused by the negligence and carelessness of one, Roger Kogelis, a released party pursuant to Conn. General Statutes Section 52-572k. The plaintiff has cited as authority for this claim, Conn. General Statutes Section 52-216a, which prohibits reading of agreements or releases to the jury.
The court did not read an agreement or release to the jury. It simply stated the special defense as filed. This was part of the pleadings in the case and the court acted properly in reading and explaining to the jury the meaning of the same. Apparently, the plaintiff recognized the validity of the special defense by its request to charge #7 which explained when a jury might apportion negligence between the defendant, Manuel Batson and Victor Kogelis.
Finally, the plaintiff assigns error in the court's failure to charge as requested that our law permits one spouse to sue the other in a negligence case. This claim arises from the fact that during the voir dire, several veniremen expressed concern over a wife suing her husband. After the voir dire examination of three jurors, counsel agreed that the court reporter might be excused, as a result of which there are no reporter's notes for the major portion of the voir dire phase of this trial. Based on the available notes and, mainly, the court's recollection, all potential jurors were asked how they felt about one spouse suing the other. The court and/or counsel explained that our law permitted such suits. Those veniremen who still entertained doubts about such legal approval were excused by the court. Each potential juror was questioned as to whether he or she would render a verdict for the plaintiff if the evidence and the CT Page 1087 law warranted it. Plaintiff's counsel must have been satisfied with the answers given by those selected to hear the case. In this day and age, particularly with the advent of compulsory insurance, any notion that the defendant spouse would be saddled with paying an award in inter-spousal suits, is an indulgence in pure fiction. The court's failure to give the requested charge, if, indeed, error, is harmless.
The court's ruling denying the motion to set aside remains the same.
BELINKIE, JUDGE-REFEREE