## SUSAN M. MARSHALL ET AL. *v.* WILLIAM J. O'KEEFE ET AL.
### (AC 18044)

Foti, Lavery and Landau, Js.

Argued September 13—officially released November 23, 1999

*Max F. Brunswick*, with whom, on the brief, was *Herbert Watstein*, for the appellant (named plaintiff).

*Andrew J. O'Keefe,* with whom were *Joseph M. Busher* and, on the brief, *Peter K. O'Keefe,* for the appellee (named defendant).

*Patricia A. Tisdall,* for the appellee (defendant Jason J. O'Keefe).

*Opinion*

LANDAU, J. The named plaintiff, Susan M. Marshall, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants William J. O'Keefe and Jason J. O'Keefe.[1] The plaintiff claims that the court improperly (1) failed to instruct the jury as to her requested *Secondino*[2] charge[3] and (2) excluded a prior inconsistent statement of Jason O'Keefe. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 1, 1992, the plaintiff attended a wedding reception at Walko's Talk of the Town Restaurant

---

[1] Prior to trial, the plaintiff Kirk Marshall withdrew his cause of action and the plaintiff Susan M. Marshall withdrew her claims against the defendants Gary O'Keefe, Barry J. Walko and Walko's Restaurant, Inc. We refer in this opinion to Susan M. Marshall as the plaintiff and to the defendants William J. O'Keefe and Jason J. O'Keefe as the defendants.

[2] *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960), enunciated the rule that "[t]he failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." (Internal quotation marks omitted.) The trial in this case occurred in December, 1997, and this appeal was filed on January 20, 1998. The legislature abolished the *Secondino* rule in civil actions, effective October 1, 1998. See Public Acts 1998, No. 98-50, codified at General Statutes § 52-216c. In *State* v. *Malave,* 250 Conn. 722, 738, 737 A.2d 442 (1999), our Supreme Court abandoned the rule in criminal cases. Neither the legislation nor the Supreme Court's action affects our decision in this appeal.

[3] The plaintiff also requests that we overrule Supreme Court precedent that established the missing witness rule. "Whether our Supreme Court precedent should be reexamined, discarded or changed is not for this court to decide." *State* v. *Panella,* 43 Conn. App. 76, 83, 682 A.2d 532, cert. denied, 239 Conn. 937, 684 A.2d 710 (1996); see footnote 2.

in Plainville. The plaintiff is the groom's sister-in-law. Also present were the defendants William O'Keefe and Jason O'Keefe, who are the bride's father and brother; Kirk Marshall, the plaintiff's husband; Kathy Berry and Gregory Berry, the groom's sister and brother-in-law; Lovey Fasci, the plaintiff's mother-in-law; and Stephen McDougall, a cousin of the plaintiff's husband.

At about 10 p.m., William O'Keefe and his wife, who are the bride's parents, were dancing when they exchanged words with the Berrys.[4] Gregory Berry, feeling that his spouse had been spoken to rudely, came to her defense and confronted William O'Keefe. Jason O'Keefe, apparently thinking that his sire was being threatened, shoved Berry, causing him to fall to the floor. The plaintiff claimed that during the course of Berry's fall, a table and the chair on which she was sitting tipped over, causing her to sustain injuries. During the trial, the plaintiff failed to call her husband, Fasci or McDougall to testify. The jury returned a verdict in favor of the defendants, and the plaintiff appealed.

I

The plaintiff's first claim is that the trial court improperly gave the *Secondino*, or missing witness, charge because it did not sufficiently emphasize the requirement that a missing witness must have had knowledge that was favorable to the plaintiff. We do not agree.

The following additional facts are necessary for our review of this claim. The plaintiff filed a request to charge, which included in part, instructions addressing her failure to call her husband, Fasci or McDougall to testify.[5] The court did not use the words of the plaintiff's

---

[4] Apparently, Kathy Berry, the groom's sister, felt slighted that she was not asked to be a member of the wedding party.

[5] The plaintiff's request to charge stated in part: "Before you can even consider any inference from [the plaintiff's not having called Kirk Marshall to testify], these defendants must demonstrate by evidence . . . that Kirk Marshall has superior information material to the issues [as to] what happened to his wife . . . as she sat at the table alone as she was injured, or

request, instead charging that the jury could draw adverse inferences against the plaintiff for not having called Fasci, McDougall and Kirk Marshall as witnesses if the jury found that the defendants had proved that those witnesses were available and were witnesses the plaintiff would naturally have produced if their testimony was favorable.[6]

"Our standard of review concerning claims of instructional error is well settled. [J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . The instruction must be adapted to the issues and may not mislead the jury but should reasonably guide it in reaching a verdict. . . . We must review the charge as a whole to determine whether it was correct in law and [whether it] sufficiently guided the jury on the issues presented at trial. . . .

"Our standard of review on this claim is whether it is reasonably probable that the jury was misled. . . .

as to what took place between Gregory Berry and defendant William O'Keefe, or what happened to Gregory Berry upon being struck or blind-sided. . . . If you find these defendants failed to produce evidence that Kirk Marshall had superior knowledge on these matters, his testimony would at best be cumulative and I instruct you that under the law you cannot under any circumstances draw an unfavorable inference against [the plaintiff] because he was not called as a witness. . . . See *Hines* v. *St. Vincent's Medical Center*, 232 Conn. [632, 637–38, 657 A.2d 578 (1995)]."

[6] The court instructed the jury in part: "Whether each of these witnesses [was] available is a question of fact for you to determine as a condition precedent to drawing any adverse inference from his or her absence. Availability may be shown or determined not only from mere physical presence or accessibility for service, but also from the relationship [and] usefulness in nature of the expected testimony. And this means only that the witness is in such relationship with the party that it is likely that his or her presence could be procured."

The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Therefore, jury instructions need not be exhaustive, perfect, or technically accurate. Nonetheless, the trial court must correctly adapt the law to the case in question and must provide the jury with sufficient guidance in reaching a correct verdict." (Citations omitted; internal quotation marks omitted.) *Thames River Recycling, Inc.* v. *Gallo,* 50 Conn. App. 767, 774, 720 A.2d 242 (1998).

On appeal, no claim is made that the witnesses were unavailable. The plaintiff seems to argue that the court's charge improperly omitted or failed to emphasize a reference to the requirement that the missing witness must have "peculiar or superior information . . . ." *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960). The court's charge, however, did include a statement that "[a] witness who would naturally be produced by a party is one who is known by that party and who, by reason of his or her relationship to the party or to the issues or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce."

The plaintiff's claim that the language requested should have been on one page rather than on the following page of the charge is without merit. The communication by the court was contained in the *Secondino* section of the charge and was legally correct. "We will not examine a jury charge 'with [a] legal microscope.' *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170 (1954). The day has long passed when reviewing courts are to be considered 'citadels of technicality.' *Kotteakos* v. *United States,* 328 U.S. 750, 759, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)." *Lemonious* v. *Burns,* 27 Conn. App.

734, 741, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992).[7] We conclude that the court's charge was legally correct, adapted to the issue and did not mislead the jury.

## II

The plaintiff next claims that the trial court abused its discretion in excluding a prior inconsistent statement by Jason O'Keefe when it ruled that there was no inconsistency between his testimony at trial and his deposition testimony. We disagree.

The plaintiff alleged that Jason O'Keefe caused Gregory Berry to overturn a table and the chair on which the plaintiff was sitting. During trial, the plaintiff questioned Jason O'Keefe as to whether he pushed Berry and what happened as a result. The plaintiff believed that Jason O'Keefe's testimony at trial contradicted his deposition testimony and sought to impeach him. The court disagreed and declined to permit the use of the deposition testimony. The plaintiff failed to have the deposition testimony marked for identification or to make it part of the record at trial.

This court will set aside evidentiary rulings only when there is a showing of a clear abuse of discretion. See *Hall* v. *Burns*, 213 Conn. 446, 451, 569 A.2d 10 (1990). It is the province of the trial court to determine whether a prior statement is in fact inconsistent with statements advanced at trial. *State* v. *Piskorski*, 177 Conn. 677, 710, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979).

---

[7] The plaintiff also argues that, in the circumstances of this case, her failure to call her husband as a witness should not be subject to the missing witness rule. After failing to point out in her brief that a court's decision whether to give a missing witness charge is an evidentiary matter; *State* v. *Anderson*, 212 Conn. 31, 41–42, 561 A.2d 897 (1989); that is reviewed on appeal under the abuse of discretion standard; see *State* v. *Grant*, 221 Conn. 93, 106, 602 A.2d 581 (1992); the plaintiff failed to brief her claim adequately. Accordingly, we decline to afford review. See *Krondes* v. *O'Boy*, 37 Conn. App. 430, 436, 656 A.2d 692 (1995).

The plaintiff has failed to make Jason O'Keefe's deposition testimony part of the appellate record. She has, therefore, failed to furnish us with any basis to dispute the trial court's ruling. The record, therefore, is inadequate for us to determine whether the trial court abused its discretion. See Practice Book § 61-10.

The judgment is affirmed.[8]

In this opinion the other judges concurred.

---

[8] Because we affirm the judgment, we will not consider the alternative ground put forth by the defendants.

