## ISABEL OTERO *v.* HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT
### (AC 24023)
### (AC 24776)

Lavery, C. J., and DiPentima and Peters, Js.

Argued September 8—officially released November 16, 2004

*rection,* supra, 269 Conn. 914; *Lebron* v. *Commissioner of Correction,* supra, 269 Conn. 914.

*Ralph W. Johnson III*, with whom was *Thomas P. O'Dea, Jr.*, for the appellant-appellee (defendant).

*John T. Bochanis*, for the appellee-appellant (plaintiff).

*Opinion*

PETERS, J. General Statutes § 31-290a permits an employee to file a civil action to recover damages from an employer for wrongful discharge if the discharge resulted from the employee's filing of a claim for workers' compensation benefits.[1] In this case, a jury found

---

[1] General Statutes § 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may . . . [b]ring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. . . ."

that the employee had failed to prove a claim of wrongful discharge and therefore returned a verdict in favor of the employer. The principal issue in this appeal by the employee is whether the trial court, in its charge to the jury and in its admission of certain evidence, impaired the plaintiff's ability to present her claim. We affirm the judgment of the trial court.

From March, 1981, until September, 1996, the plaintiff, Isabel Otero, was employed by the defendant, Housing Authority of the City of Bridgeport, as a maintenance foreperson. Although there had been a dispute between the parties about whether the plaintiff had stolen a toilet from the defendant, the gravamen of her complaint in this case was that, in violation of § 31-290a, the defendant wrongfully had terminated her employment in retaliation for the exercise of her right to receive workers' compensation benefits on an earlier occasion.[2] By way of a special defense and a counterclaim, the defendant attributed the termination of the plaintiff's employment to her fraudulent seizure of the toilet owned by the defendant.

The plaintiff's case was tried to a jury, which returned a verdict in favor of the defendant. In its answer to a

[2] The plaintiff's complaint in this case, in two additional counts, charged the defendant with having terminated her employment in violation of public policy and in breach of an implied covenant of good faith. After the plaintiff's presentation of her case to the jury, the defendant moved for a directed verdict on these counts, which the trial court granted. The plaintiff's appeal does not challenge the validity of the court's action.

Prior to the filing of this complaint in state court, the plaintiff had filed a complaint charging the defendant with wrongful discharge for having violated her constitutional rights under 18 U.S.C. § 1983, with libel and slander, with negligent and intentional infliction of emotional distress, but not with wrongful discharge under § 31-290a. The defendant removed that suit to federal court and filed a counterclaim alleging that, during the course of the plaintiff's employment, she had stolen personal property belonging to the defendant. All claims except the § 1983 claim were dismissed, and a jury found that the defendant had failed to prove its counterclaim. A jury verdict in favor of the plaintiff on her § 1983 claim was set aside and a new trial was scheduled on that claim.

special interrogatory, the jury found that the plaintiff had failed to establish a prima facie case of wrongful discrimination. The court accepted this verdict and denied the plaintiff's motion to set it aside.

In this appeal, the plaintiff argues that the court should have granted her motion to set aside the verdict because the court improperly (1) charged the jury about the significance of the defendant's allegation that her discharge was based on her theft of a toilet and (2) admitted into evidence her signed statement about the circumstances of her discharge.[3] We affirm the judgment of the trial court.

I

The plaintiff contends that the trial court's instructions to the jury created confusion as to the proper legal standard governing wrongful discharge claims under § 31-290a of the Workers' Compensation Act. In particular, the plaintiff asserts that the court precluded the jury from considering the relationship between an accusation that she had stolen a toilet and the defendant's subsequent decision to discharge her from employment. The plaintiff argues that, because this allegedly improper jury instruction was harmful to her case, the court improperly denied her motion to set aside the verdict. We are unpersuaded.

A challenge to the validity of jury instructions presents a question of law. Our review of this claim, therefore, is plenary. *Cable* v. *Bic Corp.*, 270 Conn. 433, 440, 854 A.2d 1057 (2004); *Hartford Courant Co.* v. *Freedom*

---

[3] The defendant also appealed. It sought review of the trial court's denial of its motion for summary judgment, which was based on res judicata and collateral estoppel and of its motion to dismiss based on the prior pending action doctrine. Because we affirm the judgment of the trial court with respect to the plaintiff's appeal, the issues raised in the defendant's appeal have become moot. Accordingly, we dismiss the appeal filed by the defendant. See *Rocque* v. *Farricielli*, 269 Conn. 187, 200–201, 848 A.2d 1206 (2004).

*of Information Commission*, 261 Conn. 86, 96–97, 801 A.2d 759 (2002). We must decide whether the instructions, read as a whole, properly adapt the law to the case in question and provide the jury with sufficient guidance in reaching a correct verdict. *Marshall* v. *O'Keefe*, 55 Conn. App. 801, 804–805, 740 A.2d 909 (1999), cert. denied, 252 Conn. 918, 744 A.2d 438 (2000).

The following facts are relevant to the resolution of this appeal. The plaintiff presented evidence that she had received workers' compensation benefits from September, 1995, through April, 1996, for an injury to her lower back. In November, 1995, the plaintiff's supervisor rated the plaintiff's job performance as unsatisfactory with respect to certain responsibilities, and noted that "[the plaintiff] has been out almost on a weekly basis due to her back. It's very hard to have someone in the supervisory position [who] is frequently absent. An unfair burden of work is put on others."

The plaintiff claimed that, when she returned to work in April, 1996, her supervisor treated her unfairly by requiring her to walk "excessively," to check lights and windows, to follow up with tenants regarding alleged complaints that often proved to be false, and to avoid going to therapy during working hours. The plaintiff also testified, however, that her supervisor never made her perform duties outside of her job description.

In August, 1996, the plaintiff's supervisor, while looking for a pen and paper to write a message, discovered in the plaintiff's desk a requisition form for a toilet. The plaintiff's supervisor subsequently notified the defendant. A coworker of the plaintiff testified at trial that he had witnessed, and in fact had helped to facilitate, the theft of the toilet by the plaintiff. A security officer testified that he had conducted an investigation of the alleged theft, and had concluded that the plaintiff probably had stolen the toilet.

The manager responsible for hiring and firing employees relied on this investigation in deciding to provide the plaintiff with three options: (1) present evidence to refute the findings of the investigation, (2) resign or (3) face termination. The plaintiff denied the allegations without presenting any evidence, and her employment subsequently was terminated. The plaintiff testified that she believed that her immediate supervisor, who was responsible for initiating the investigation, wanted to get her fired because she had missed work due to her workers' compensation claim.

Our evaluation of the plaintiff's claim of instructional error must take account of two facts of record. First, the *only* claim for wrongful discharge that the plaintiff presented in this case was that she had lost her employment because of the defendant's displeasure with her collection of workers' compensation benefits.[4] Second, the *only* issue that the jury decided was that the plaintiff failed to establish a prima facie case of discrimination.[5]

It is undisputed that the court was required to instruct the jury, and did instruct the jury, in accordance with the rules that govern claims of retaliatory discharge that were prescribed in *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 53–54, 578 A.2d 1054 (1990), and *McDonnell Douglas Corp.* v. *Green*, 411 U.S.

[4] In the plaintiff's first suit in state court, she did not assert a wrongful discharge claim pursuant to § 31-290a. Claims brought in state court under § 31-290a may not be removed to federal court. See 28 U.S.C. § 1445 (c). Thus, even if the plaintiff had raised this claim in her earlier suit, the claim still would have been tried separately from her wrongful discharge claim under § 1983, which the defendant removed to federal court.

[5] It is true that the jury also received evidence that supported the defendant's position that the plaintiff had been terminated for a reason other than her receipt of workers' compensation benefits. Specifically, the defendant presented the jury with evidence that the plaintiff had stolen a toilet from one of the defendant's warehouses. Prior to this case, that issue had been tried in federal court on a different theory. Having initiated that lawsuit, the defendant of course could not relitigate the merits of that claim in this case. See *Cadle Co.* v. *Gabel*, 69 Conn. App. 279, 295, 794 A.2d 1029 (2002).

792, 802–805, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). These rules mandate a three step analysis of the plaintiff's case. "The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy her burden of persuading the fact-finder that she was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 53–54.

With respect to the jury's allegedly improper finding that the plaintiff had failed to satisfy her initial burden of proof, the plaintiff argues that the court confused the jury by its instruction that proof that she was innocent of the charge of theft alone was not sufficient to prove her wrongful discharge in this case. We disagree.

The plaintiff maintains that the court confused the jury when, at the outset of its instructions, it stated: "This case is not about whether [the plaintiff] misappropriated, stole, or did not steal the toilet. It's focused on the discharge and the reasons for the discharge." Later, the plaintiff notes, the court further stated that, in deciding whether the plaintiff had met her initial burden of proof, the jury should focus "on the reasons for dis-

charge and why they discharged, and that's what you're dealing with. So you're not deciding whether she did or did not steal a toilet. It is evidence for you to consider as far as the overall case is concerned, but if you decide she didn't steal the toilet, that doesn't mean she wins the case."

To prevail on this appeal, the plaintiff must show a relationship between the charge to which she objects and the jury's finding that she did not prove a prima facie case. On its face, the plaintiff's objection appears to implicate the second rather than the first step of the *Ford* test.[6] Because the jury did not reach the second step, any alleged defect with regard to the court's charge concerning the second step is harmless, as long as the court properly instructed the jury with regard to the plaintiff's burden of establishing a prima facie case. See *Pagano* v. *Ippoliti*, 245 Conn. 640, 651–52, 716 A.2d 848 (1998) (noting that even where there is error, it is harmless where it does not affect result). Accordingly, we address the plaintiff's claim as a challenge to the court's instructions regarding the plaintiff's burden of establishing a prima facie case of discrimination.

The first step for a plaintiff seeking to recover under the three part *Ford* test is to establish, by a preponderance of the evidence, a prima facie case of discrimination. See *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 216 Conn. 53. With respect to this requirement, the court properly charged the jury as follows: "The plaintiff bears the initial burden of proving by a preponderance of the evidence a prima

---

[6] In her brief, the plaintiff asserts that, "By precluding the jury from considering whether the [p]laintiff took the toilet, the [p]laintiff was prejudiced in attempting to prove that the [d]efendant fail[ed] to offer a legitimate explanation for the [p]laintiff's discharge." The second step of the *Ford* test requires the defendant to "produc[e] evidence of a legitimate, nondiscriminatory reason for its actions." *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, supra, 216 Conn. 53–54.

facie case of discrimination. In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination." See id., 53.

We conclude that the court's charge as to the plaintiff's burden of establishing a prima facie case was adapted to the evidence and correct in the law. See *Barrett* v. *Hebrew Home & Hospital, Inc.*, 73 Conn. App. 327, 334, 807 A.2d 1075 (2002). Accordingly, we do not address the plaintiff's claim as it relates to the second step of the *Ford* test. See *Pagano* v. *Ippoliti*, supra, 245 Conn. 651–52.

## II

Alternatively, the plaintiff argues that we should order a new trial because the trial court improperly allowed the defendant to impeach her credibility by introducing into evidence a handwritten statement that summarized the events that led to her discharge. The plaintiff acknowledged at trial that she had signed the statement, which was prepared by the department of labor as part of her application for unemployment benefits, and that the signature on the document was hers. The plaintiff also testified, however, that she had not written the statement and that its contents were untrue. The plaintiff contends, therefore, that the defendant failed to present a proper foundation for admission of the document into evidence as a prior inconsistent statement. We disagree.

Before addressing the merits of the plaintiff's claim, we set forth the appropriate standard of review for evidentiary issues. "[W]e will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . [B]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect

the result." (Citation omitted; internal quotation marks omitted.) *Kalams* v. *Giacchetto*, 268 Conn. 244, 249, 842 A.2d 1100 (2004).

The specific evidentiary issue raised by the plaintiff's appeal concerns the propriety of the court's admission into evidence of a prior inconsistent statement. To impeach a witness using extrinsic evidence, "the inconsistent statements [must] be relevant and of such a kind as would affect the credibility of the witness . . . [and] generally a foundation should be laid at the time of cross-examination." (Citations omitted.) *State* v. *Saia*, 172 Conn. 37, 45–46, 372 A.2d 144 (1976). The plaintiff asserts that the court improperly admitted the prior inconsistent statement into evidence because it lacked a proper foundation.

In support of her argument, the plaintiff cites *State* v. *Harris*, 49 Conn. App. 121, 714 A.2d 12 (1998). *Harris* is distinguishable from the present case. In *Harris*, this court affirmed a trial court's decision to exclude an allegedly prior inconsistent statement on the ground that the statement's proponent had failed to lay a proper foundation. Id., 133. As in the present case, the declarant of the statement in *Harris* testified that he had not prepared the statement, and that he was unsure who typed it. Id., 136. In *Harris*, however, we emphasized the fact that the defendant's signature appeared nowhere on the statement; therefore, the statement lacked a proper foundation connecting it to the defendant. Id. That is not the case here. Here, the signature of the plaintiff appears on the statement, and the plaintiff testified that the signature was in fact hers. See *State* v. *Whelan*, 200 Conn. 743, 753–54, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986) (observing that "[t]he hazard of error is greatly lessened with respect to prior inconsistent written statements signed by the declarant").

*Harris* is clearly inapposite to the present case. Apart from *Harris*, the plaintiff has not cited, nor have we found, any authority that lends support to her argument.[7] We conclude, therefore, that the trial court did not abuse its discretion when it determined that an adequate foundation supported the admission of the plaintiff's statement into evidence.

On the plaintiff's appeal, the judgment is affirmed; the defendant's appeal is dismissed.

In this opinion the other judges concurred.

---

[7] Section 8-5 (1) of the Connecticut Code of Evidence provides that a prior inconsistent statement of a witness is admissible if the statement is: (1) in writing, (2) signed by the witness and (3) the witness has personal knowledge of the contents of the statement. See *State* v. *Whelan*, supra, 200 Conn. 753. Even in the absence of a foundation, it is within the discretion of the trial court to admit an impeaching statement. *State* v. *Williams*, 204 Conn. 523, 534, 529 A.2d 653 (1987).