## JOHN PICKERING ET AL. *v.* THERESA RANKIN-CARLE
## (AC 27638)

Flynn, C. J., and Bishop and DiPentima, Js.

___

Argued March 22—officially released July 31, 2007

*Jeffrey D. Cedarfield*, for the appellant (defendant).

*Louis M. Pacelli*, with whom, on the brief, was *John T. Grillo*, for the appellee (named plaintiff).

*Opinion*

DiPENTIMA, J. In this personal injury action arising from a motor vehicle accident, the defendant, Theresa

Rankin-Carle, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff John Pickering.[1] On appeal, the defendant claims that the court gave the jury improper instructions. Specifically, the defendant argues that the court improperly (1) instructed the jury on negligence and (2) returned the jury for further deliberations with instructions to reconsider the court's charge with respect to pain and suffering. We affirm the judgment of the trial court.

The following factual and procedural history is relevant to our discussion of the issues on appeal. This case arises from a motor vehicle accident that occurred on June 3, 2000, in Norwich. The defendant was traveling on Route 2 and took the exit ramp to get onto Route 32. The defendant stopped her vehicle at a stop sign at the end of the exit ramp. The accident occurred when the defendant attempted to turn left onto Route 32 south at the bottom of the exit ramp and collided with the plaintiff's camper, which was traveling north on Route 32. The plaintiff claimed that the accident was due to the negligence and carelessness of the defendant, arguing both common-law and statutory negligence on the basis of the defendant's failure to grant him the right-of-way. The defendant denied that she was careless or negligent and alleged a special defense of contributory negligence on the part of the plaintiff.[2]

At trial, following the conclusion of the evidence, the court charged the jury on the applicable law, which included an explanation of the common law with

[1] Prior to trial, the plaintiff Rosemary Pickering withdrew the second count of the plaintiffs' two count complaint, which alleged loss of consortium as to her. We therefore refer in this opinion to John Pickering as the plaintiff.

[2] "Although Connecticut has adopted the doctrine of comparative negligence; see General Statutes § 52-572h (b); our statutes retain the term contributory negligence. See, e.g., General Statutes §§ 52-114 and 52-572h (b)." (Internal quotation marks omitted.) *Juchniewicz* v. *Bridgeport Hospital*, 281 Conn. 29, 32 n.4, 914 A.2d 511 (2007).

respect to negligence and rules that govern drivers followed by a recitation of the stop sign statute, General Statutes § 14-301 (c).[3] During deliberations, the jury requested that the court provide it with a copy of § 14-301 (c), the court's instruction and the plaintiff's testimony with respect to his actions as he approached the defendant's vehicle. The requested items were provided to the jury, which then continued its deliberations. The jury found in favor of the plaintiff. This appeal followed. The defendant challenges both the court's initial charge and subsequent instructions to the jury when the court asked the jury to return for further deliberations. We will address each claim in turn.

I

The defendant's first claim is that the court improperly instructed the jury on negligence with respect to the right to proceed. Specifically, the defendant asserts that the court improperly failed to include in its instructions any possible circumstances in which a person without the right-of-way at an intersection would still have the "right to proceed." We disagree.

As a preliminary matter, we identify the applicable standard of review and set forth the legal principles that govern our resolution of the defendant's instructional claims. A challenge to the validity of jury instructions presents a question of law over which this court has plenary review. *Otero* v. *Housing Authority*, 86 Conn. App. 103, 106, 860 A.2d 285 (2004). "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be

[3] General Statutes § 14-301 (c) provides: "The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right-of-way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard."

considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 572–73, 898 A.2d 178 (2006).

In its charge to the jury, the court first provided both an explanation of the common law with respect to negligence and the rules governing drivers and then a recitation of § 14-301 (c).[4] The defendant's initial and

---

[4] The court provided the following explanation on general principles of negligence in its charge: "Negligence is doing something that a reasonably prudent or careful person would not do under the circumstances or failing to do what a reasonably prudent or careful person should do under the circumstances, and the duty is to use reasonable care. Reasonable care is defined as the care that an ordinarily prudent or careful person would use in view of the surrounding circumstances. You determine the question by putting an ordinarily prudent or careful person in the circumstance and say to yourself, 'What should such a person have done?' It's the care that a person should use under the surrounding circumstances, that is, in view of the facts that were known or the facts that the parties should have known at the time. The standard of care, reasonable care, never varies. That's always the standard, but the amount of care that ought to be used in order to constitute reasonable care can vary with the circumstances. In circumstances where there's not much danger that's likely, depending on what the circumstances are, a slight amount of care might be all that's necessary for it to be reasonable. Whereas if the circumstances change, and there's greater risk, depending on what the circumstances are, then a greater amount of care is what's required in order for it to be reasonable."

With respect to the common-law rules governing drivers, the court provided the following instruction: "The care that a driver of a motor vehicle must use is that of a reasonable and prudent driver under the circumstances, that is, considering the traffic, the weather, the road conditions and those kinds of surrounding circumstances. The claims of the plaintiff are ones that arise from the common law of negligence and not from a specific

supplemental requests to charge essentially requested that the court instruct the jury that even though the defendant did not have the right-of-way, she would not be negligent if she exercised reasonable care under the circumstances and acted as a prudent person, thus giving her a "right to proceed."[5] Although the court rejected that specific "right to proceed" nomenclature, its instructions conveyed the same general principle.[6] Read as a whole, the instructions were properly adapted to the law and provided the jury with sufficient guidance, and no injustice was done. See *Vertex, Inc.* v. *Waterbury*, supra, 278 Conn. 572–73. Moreover, we note that the defendant testified that at the time of the accident, she thought Route 32 was a one-way road and that she did not look back seconds prior to driving onto

statute, initially. These are largely common sense requirements and don't require any further explanation. . . . [A] driver cannot escape the legal responsibility for an accident by saying that he or she did not see the other party in time to avoid the collision or did not properly perceive the traffic situation in order to avoid the collision if in fact she could or should have done so had the person been using reasonable care."

[5] Practice Book § 42-16 provides that jury instructions are reviewable if "the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. . . ." Cf. *Yale University School of Medicine* v. *Collier*, 206 Conn. 31, 39–40, 536 A.2d 588 (1988).

[6] We note that the cases cited by the defendant in support of her first instructional claim are dissimilar to the present case both factually and procedurally and provide no credence to her argument that the court's instruction on negligence was improper. In *Randazzo* v. *Pitcher*, 17 Conn. App. 471, 553 A.2d 1158 (1989), we held that the court's instruction "resulted in a lack of adequate guidance to the jury regarding the *plaintiff's principal claim* in the case." (Emphasis added.) Id., 474. Neither *Randazzo* nor *Peckham* v. *Knofla*, 130 Conn. 646, 650, 36 A.2d 740 (1944), involved questions relating to the stop sign statute, but rather General Statutes §§ 14-242 (e) and 14-245, respectively. We note that "[t]he right-of-way rule of § 14-245 is inapplicable to an intersection controlled by a stop sign . . . ." *Velardi* v. *Selwitz*, 165 Conn. 635, 640, 345 A.2d 527 (1974). Finally, *Clement* v. *DelVecchio*, 140 Conn. 274, 278, 99 A.2d 123 (1953), did not involve an instructional claim, and the general proposition stated in that case does not create any conflict with respect to the instructions as a whole given by the court in the present case.

Route 32 to check whether cars were approaching from the plaintiff's direction. We conclude, therefore, that the court properly charged the jury on the negligence claim.

## II

The defendant next challenges the court's jury instructions returning the jury for further deliberations to correct the mathematical inaccuracy of its initial award. Specifically, the defendant asserts that when doing so, the court improperly reminded the jury to consider whether an award for pain and suffering was appropriate. We are not persuaded.

The following additional facts are necessary for our resolution of the defendant's claim. The jury returned its verdict, finding the defendant 80 percent responsible and the plaintiff 20 percent responsible for the accident. It awarded the plaintiff $15,000 in economic damages but did not award him any noneconomic damages for pain and suffering. After calculating the percentages, the jury awarded the plaintiff a total of $3000.[7] In the jury's allocation of damages, the jury specified that the award included $7765 for future economic damages. The court took note of the inconsistency in the jury's mathematical calculations and instructed the jury to correct the total award. The court also took that opportunity to remind the jurors that "if you find the defendant was also responsible for any pain and suffering associated with the incident, then you have to consider an award of pain and suffering and you have to consider whether there is a disability that is a result of the incident." The jury continued its deliberations and returned with a final verdict finding the defendant 80 percent responsible and the plaintiff 20 percent responsible, and awarding the plaintiff $12,000 in economic damages and $65,000 in noneconomic damages for a total award

---

[7] It appears that the jury calculated only 20 percent of the amount awarded for noneconomic damages rather than 80 percent in its initial award.

of $77,000.[8] The total damages award was then reduced to $61,600 on the basis of the jury's finding that the plaintiff had been 20 percent comparatively negligent.

As this court has stated previously, "[t]he [trial] court plays an essential role in supervising the jury and in ensuring that the verdict is reasonable and lawful." *Maag* v. *Homechek Real Estate Services, Inc.*, 82 Conn. App. 201, 210, 843 A.2d 619, cert. denied, 269 Conn. 908, 852 A.2d 737 (2004). "The control of the court over the verdict of the jury is limited but salutary." (Internal quotation marks omitted.) *Van Nesse* v. *Tomaszewski*, 265 Conn. 627, 634, 829 A.2d 836 (2003). General Statutes § 52-223 provides: "The court may, if it judges the jury has mistaken the evidence in the action and has brought in a verdict contrary to the evidence, or has brought in a verdict contrary to the direction of the court in a matter of law, return them to a second consideration, and for the same reason may return them to a third consideration. The jury shall not be returned for further consideration after a third consideration." See also Practice Book § 16-17. "A decision with regard to an order for reconsideration rests within the court's sound discretion." *Maag* v. *Homechek Real Estate Services, Inc.*, supra, 210; see also *Cruz* v. *Drezek*, 175 Conn. 230, 242–43, 397 A.2d 1335 (1978).

The defendant does not challenge the court's action in returning the jury for further deliberations. Rather, the defendant contends that the instruction the court gave when returning the jury was improper. Specifically, the defendant claims that the court's instruction

[8] We note that prior to reaching a verdict, the jury asked the court whether "it was standard policy that if the defendant is 80 percent negligent that the plaintiff should automatically . . . receive non-economic damages." The court addressed the jury and answered that question in the negative. In addition, the court explained to the jury, that it was "entitled to find, if this is the way you find, the evidence that he has not suffered any pain, that he has not suffered any disability in which case he has not proved any noneconomic damages and is not entitled to an award."

with respect to "pain and suffering" was improper. On the basis of the facts and circumstances of this case, we cannot agree. As stated previously, our review with respect to a challenged jury instruction is plenary; *Otero* v. *Housing Authority*, supra, 86 Conn. App. 106; and it is the instructions as a whole that we consider on appeal rather than any particular challenged language in isolation. See *Vertex, Inc.* v. *Waterbury*, supra, 278 Conn. 572. The jury's original verdict awarded all of the plaintiff's claimed economic damages, including an award for future surgery. The jury did not, however, award any noneconomic damages. When instructing the jury to correct its mathematical calculations, the court also reminded the jury to consider whether the defendant was liable for any pain and suffering or any permanent injury. On the basis of the facts and circumstances, that instruction was reasonable and provided the proper guidance to the jury. Because the jury awarded the plaintiff medical expenses, which were related to his treatment for neck, back and shoulder pain, the jury necessarily found that he had experienced pain. See, e.g., *Lombardi* v. *Cobb*, 99 Conn. App. 705, 709, 915 A.2d 911 (2007) (jury award inconsistent where "jury awarded the plaintiff the entire amount of medical expenses [including treatment for shoulder and back pain] and lost wages that she had claimed but did not award her any noneconomic damages"); see also *Schroeder* v. *Triangulum Associates*, 259 Conn. 325, 332, 789 A.2d 459 (2002) ("[i]t is not reasonable for the jury to have found the defendant liable for the expense of . . . surgery, but not liable for the pain and permanent disability necessarily attendant to such intrusive surgery").

The judgment is affirmed.

In this opinion the other judges concurred.